DUNDEE REALTY COMPANY ET AL., APPELLEES, V.
ROBERT NICHOLS ET AL., APPELLANTS.

FILED APRIL 16, 1925.   No. 23127.

Deeds: RESTRICTIVE COVENANTS: ENFORCEMENT. When the owner of a tract of land, in laying it out into lots, blocks, streets and alleys as an addition to a city, adopts a general scheme for its development and improvement by way of certain restrictions, makes the same public, and in each conveyance imposes such restrictions on the lots conveyed thereby, and when it is shown that such restrictions are for the improvement of the entire tract covered thereby, and for the benefit of each owner, any lot owner may enforce such restrictions against other owners purchasing with notice, actual or constructive.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*J. E. von Dorn,* for appellants.

*McGilton & Smith, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

THOMPSON, J.

Plaintiffs, appellees, brought this action in the district court for Douglas county against defendants, appellants, by petition in equity, seeking to enforce a building restriction imposed upon certain residence property in the city of Omaha, one lot of which is owned by defendants. The petition alleges, in substance, that plaintiff, Dundee Realty Company, conveyed the lot in question to one Anna K. Lind, the deed containing the following restriction, among others:

"No building nor any part nor projection thereof, except the cornice of the roof, shall at any time within said period

(February 27, 1919, to January 1, 1930) be erected or located on said premises within forty-five (45) feet of Fiftieth avenue nor within twenty-five (25) feet of Farnum street, except that an open porch and roof thereon, or a terrace, may be attached to the building between it and the said street lines."

It is further alleged that Lind conveyed the lot to defendants, expressly subject to these same restrictions. After setting forth conveyances to the other plaintiffs of lots in the same plat by the Dundee Realty Company, which conveyances also contain the restriction above set out, the petition states that defendants are erecting a dwelling on the lot in question, a sun parlor of which extends several feet over the restricted line; that plaintiffs, and each thereof, are the owners of lots in the same plat, including some in the same block as the one in question. The prayer is that defendants be required to observe the restriction imposed, and that in furtherance thereof a mandatory injunction be granted.

The answer, after admitting the formal allegations in the petition, denies all others, and alleges that defendants made a *bona fide* effort to comply with the restriction, and believed at the time of the construction that the portion of the building complained of was within the restricted line; that plaintiffs observed the construction, and permitted defendants to continue without interference, and, therefore, they are estopped from being heard to complain. The reply denies all allegations of new matter in the answer.

Trial had to the court, which found generally and specifically in favor of plaintiffs and against defendants upon each issue, and entered judgment as prayed, to reverse which defendants appeal, relying upon eighteen alleged errors. These, however, resolve themselves into three, namely: That the judgment is contrary to the evidence; that it is contrary to the law applicable thereto; and that plaintiffs are guilty of laches.

From the record we find that plaintiff, Dundee Realty Company, platted a tract of land as an addition to the city

of Omaha, which was duly recorded, known as "Dundee Place," in furtherance of a general scheme of improvement and development of the tract. The conveyance of each lot in such tract, when sold, contained the restriction hereinbefore quoted, together with others, which provided, in substance, that the premises are to be used for residence purposes exclusively; residences erected thereon are to be two full stories in height, and to cost not less than $4,000; garages and other outbuildings if erected, are to be of the same material and architecture as the residence. All restrictions are to remain in force until January 1, 1930. It appears that they had all been observed by plaintiff, Dundee Realty Company, and by each grantee, the first deviation therefrom being that of defendants in erecting the dwelling in question.

These restrictions were imposed on this tract for the benefit of the whole, and not for any particular lot or lots. Thus, the law announced in *De Gray v. Monmouth Beach Club House Co.*, 50 N. J. Eq. 329, is so applicable that we quote with approval the third paragraph of the syllabus:

"Where there is a general scheme or plan, adopted and made public by the owner of a tract, for the development and improvement of the property, by which it is divided into streets, avenues and lots, and contemplating a restriction as to the uses to which buildings or lots may be put, to be secured by a covenant embodying the restriction, to be inserted in each deed to a purchaser; and it appears, by writings or by circumstances, that such covenants are intended for the benefit of all the lands, and that each purchaser is to be subject to and to have the benefit thereof; and the covenants are actually inserted in all deeds for lots sold in pursuance of the plan; one purchaser and his assigns may enforce the covenant against any other purchaser and his assigns, if he has bought with knowledge of the scheme and the covenant has been part of the subject-matter of his purchase."

See, also, *Wright v. Pfrimmer*, 99 Neb. 447.

It will be remembered that defendants state in their answer that they made a *bona fide* effort to comply with the restriction. Therefore, they admit actual knowledge thereof. Furthermore, the record shows that defendants were expressly told and warned by plaintiff, on several occasions, the first being when the foundation was constructed, that if the room complained of was to be inclosed it was beyond the restricted limit for such room, and would have to be moved back, to which defendant Robert Nichols replied that he would not so move it. Defendants completed the construction of the residence as commenced, which completion was subsequent to the bringing of this suit.

Defendant's contention that plaintiffs are estopped to prosecute this action because of laches is not well taken. The provisions of the restriction hereinbefore set out would not be violated unless the portion of the dwelling extending over the restricted line were inclosed. Therefore, plaintiff had a right to await partial completion of such dwelling before they could determine whether a cause of action had accrued, which was on or about June 1, 1921. The original petition was filed June 15, 1921. There is nothing that indicates laches on the part of plaintiffs or that defendants changed their plans because of any act or word of plaintiffs, or were in any manner damaged by delay, if any, in bringing this suit. The record shows that they did not stop construction of the sun parlor even when suit was brought, but, instead, they proceeded as if no protest had been made. See *Bischof v. Merchants Nat. Bank*, 75 Neb. 838.

A remedy at law would be inadequate, and would lead to a multiplicity of actions, and the subversion of this ideal scheme of improvement and development would still remain. This dwelling, as located, is a clear and direct violation of the letter as well as the spirit of the restrictive covenant, and is an irreparable injury to each of plaintiffs, and to each lot owner in the addition, thus creating a condition which is appealing to a court of equity, in the exercise of its extraordinary power. The relief sought by plaintiffs is fair, equitable, and just.

The judgment of the district court is in all things right, and should be, and hereby is,

AFFIRMED.