Hartford Accident and Indemnity Company, Cross-Appellant, v. Mutual Trucking Company, Appellees. Gaylord D. Millikin, Appellant, and Fred S. James and Company, Appellant.

Gen. No. 44,131.

Opinion filed March 1, 1949.  Released for publication April 26, 1949.

SIDLEY, AUSTIN, BURGESS & HARPER, of Chicago, for appellant; JAMES F. OATES, JR., HOWARD P. ROBINSON and GORDON W. WINKS, all of Chicago, of counsel.

LORD, BISSELL & KADYK, of Chicago, for separate appellant; GORDON R. CLOSE and STEPHEN A. MILWID, both of Chicago, of counsel.

FRANK S. BLOCH, of Chicago, for cross-appellant.

WILKINSON, HALL, WITWER & MORAN, of Chicago, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Hartford Accident and Indemnity Company, a corporation (hereinafter called Hartford), sued Mutual

Trucking Company, a corporation, Hayden Truck Lines, Inc., a corporation, and Midwest Haulers, Inc., a corporation (hereinafter referred to as Mutual). Hartford's amended statement of claim alleges that it issued two policies of insurance to Mutual through its general agent, Fred S. James & Co., a corporation (hereinafter called James); that Mutual admitted that after all adjustments there was a balance of $11,239.81 due from Mutual to Hartford; that Hartford and James both requested Mutual to make the payment of the said balance to Hartford, but that in spite of such notice Mutual paid the said balance to Gaylord D. Millikin (hereinafter called Millikin); that Millikin had no authority to receive it either for Hartford or for James and that such payment has never been received by Hartford or by James, who were the only ones authorized to receive it. In their amended defense Mutual admitted the correctness of the balance due Hartford but alleged that it was paid to Millikin in reliance upon representations of Millikin, Hartford and James that Millikin had authority to receive the payment. Mutual impleaded Millikin and James as third party defendants and in their third party notice claimed that they were entitled to recover $11,239.81 from Millikin and James jointly "because said sum was paid to you, or either of you, in full payment and discharge of the premiums" sued for by Hartford. Before the judgment was entered in the instant case Mutual amended their third party notice in that they claimed that either Hartford or Mutual was entitled to recover from both or either of the said third party defendants. In its defense to the claim of Mutual, third party defendant James denied all the allegations made against it, and particularly denied that Millikin had any authority to receive from Mutual any premiums on behalf of it or Hartford. Millikin filed a counterclaim against James, and James filed a counterclaim against Millikin, but these counterclaims have not yet been tried.

Hartford moved for summary judgment against Mutual, and then Mutual moved for summary judgment against Millikin. Hartford filed affidavits in support of its motion for summary judgment, and Mutual filed counteraffidavits. After a hearing "upon certain motions for summary judgment" the trial court entered the following judgment:

"This cause coming on for hearing upon certain motions for summary judgment and judgment upon the pleadings, due notice having been given and all parties in interest being represented in open court by counsel, and the Court having fully considered said motions, the pleadings and the affidavits filed herein, and having heard arguments of counsel and being fully advised in the premises.

"It is hereby ordered and adjudged that the plaintiff, Hartford Accident and Indemnity Company, a corporation, have and recover of and from the third party defendants, Gaylord D. Millikin and Fred S. James & Co., a corporation, the sum of Eleven Thousand Two Hundred Thirty-nine Dollars and Eighty-one Cents ($11,239.81) and its costs herein.

"It is further ordered and adjudged that said cause be and the same hereby is dismissed as to the defendants, Mutual Trucking Company, a corporation, Hayden Truck Lines, Inc., a corporation, and Midwest Haulers, Inc., a corporation, without costs."

James filed an appeal from the judgment entered against it and Millikin, and prayed that said part of the judgment order be reversed and held for naught. Millikin filed an appeal in which he stated that he did not desire to join James as appellant but desired to prosecute a separate appeal from the judgment entered against him and James. Hartford filed a cross-appeal from the judgment entered and prayed that the judgment be reversed and held for naught, and that judgment be entered in favor of Hartford Accident & Indemnity Company, plaintiff-cross-appellant, against

Mutual Trucking Company, a corporation, Hayden Truck Lines, Inc., a corporation, and Midwest Haulers, Inc., a corporation, defendants-appellees, together with costs.

■ James contends that Hartford did not sue it and that there are no pleadings that would support a judgment in favor of Hartford against it; that Hartford did not ask for summary judgment against James and that Hartford in its notice of cross-appeal and in its brief disclaims any right to a judgment against James or Millikin and asks only for a judgment against Mutual. Millikin contends that the summary judgment entered against him is improper and must be reversed. Hartford contends, in this court, that the trial court had no right to enter judgment in favor of Hartford against James or Millikin and asks that the judgment order in so far as it affects James and Millikin be reversed, and it further asks that that part of the judgment order that dismisses Hartford's suit against defendants Mutual Trucking Company, a corporation; Hayden Truck Lines, Inc., a corporation, and Midwest Haulers, Inc., a corporation, without costs, be reversed, and that a summary judgment be entered here in favor of Hartford and against the said three defendants in the sum of $11,239.81 and costs, in accordance with its motion for summary judgment against them. It is plain that the judgment order in so far as it allowed Hartford summary judgment against Millikin and James in the sum of $11,239.81 is indefensible and must be reversed. The trial judge delivered no opinion at the time of entering the judgment order and we are unable to conjecture upon what theory of fact or law he entered the summary judgment against James and Millikin.

■ ■ As to that part of the judgment order that dismisses Hartford's claim against Mutual: In the hearing before the trial court he was called upon to decide Hartford's motion for a summary judgment against Mutual, but, tested by the judgment order, he

did not pass upon that motion. There was no motion pending to dismiss Hartford's complaint. If we assume that the trial court was of the opinion that Hartford's motion for summary judgment should not be allowed, nevertheless, Hartford would still have the right to a trial of its claim *upon the merits,* and the arbitrary act of the trial court in dismissing, on his own motion, Hartford's "cause," if sustained, would deprive it of that right. After a careful study of the judgment order entered, in the light of the record, we have concluded that it would serve no useful purpose to attempt to conjecture what reasons motivated the trial court in entering the judgment. In an effort to sustain the order dismissing Hartford's cause, counsel for Mutual make the preposterous claim that Hartford failed to make out a *prima facie* showing that Millikin had no authority to collect the premiums on behalf of Hartford or James and, therefore, the trial court was justified in dismissing Hartford's complaint. It is a sufficient answer to this contention to say that there are certain mountain peaks in the evidence that strongly support Hartford's position that Millikin had no authority to collect the premiums on behalf of Hartford or James—indeed, we think there is evidence that tends to show that Mutual acted in bad faith in making the payments to Millikin. Hartford strenuously contends that the trial court should have granted its motion for summary judgment in its favor and against Mutual, and it asks us to enter judgment here in its favor as prayed for in its motion. If we had the right to decide this contention upon the weight of the evidence we would sustain Hartford's contention, but the law bearing upon a summary judgment proceeding is so well established that it is hardly necessary to cite the many cases bearing upon the subject. In *Macks v. Macks,* 329 Ill. App. 144, 151, we stated:

"The purpose of a summary judgment proceeding is not to try an issue of fact but to ascertain whether there is an issue of fact to try. The trial court could

not under the law determine the truth of defendants' sworn petition for summary judgment, since 'the truth or falsity of facts disclosing a legal defense must be decided by a jury.' (*Diversey Liquidating Corp. v. Neunkirchen*, 370 Ill. 523.) In *Soelke v. Chicago Business Men's Racing Ass'n*, 314 Ill. App. 336, it was said (p. 338): 'It is elemental that a motion [for summary judgment] under Section 57 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 181; Jones Ill. Stats. Ann. 104.057] is not intended to be used as a means of trying an issue of fact. When there is such an issue defendant has the constitutional right to have it tried by a jury.' "

After a painstaking examination of the evidence we have reached the conclusion that Mutual introduced some evidence that tended to prove that Millikin had actual or apparent authority to collect premiums on behalf of Hartford or James and therefore we are forced to hold that Hartford was not entitled to summary judgment against Mutual. Upon the remandment of this cause Hartford will have an opportunity for a trial of its claim upon the merits.

Mutual Trucking Company, a corporation; Hayden Truck Lines, Inc., a corporation, and Midwest Haulers, Inc., a corporation, appellees, have filed in this court a motion "that the appeals of Hartford Accident and Indemnity Company, a corporation, cross-appellant, Gaylord D. Millikin, separate appellant, and Fred S. James & Co., a corporation, appellant, be dismissed as to these appellees." The motion is denied.

The judgment order of the Municipal Court of Chicago is reversed *in toto* and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment order reversed in toto and cause remanded.*

Sullivan, P. J., and Friend, J., concur.