Applicolor, Inc., Plaintiff-Appellee, v. Surface Combustion Corporation and Midland-Ross Corporation, Defendants-Appellants.

Gen. No. 50,675.

First District, Fourth Division.

December 2, 1966.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Patrick W. O'Brien and William A. Wineberg, of counsel), for appellants.

Arvey, Hodes & Mantynband, of Chicago (George L. Siegel and Jack H. Oppenheim, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff brought an action at law to recover $125,000 damages for breach of warranty on a contract for the purchase and sale of a glass lehr. Defendants [1] have appealed from denial of their motion to stay proceedings in the trial court pending an arbitration of the claim, which arbitration defendants assert was required by the contract.

Plaintiff's motion to dismiss the appeal was taken with the case. We now deny that motion. In our view, the order appealed from may properly be classified as an order refusing an injunction, and an appeal is therefore authorized by Supreme Court Rule 31. Ill Rev Stats (1965), c 110, § 101.31; Valente v. Maida, 24 Ill App2d 144, 149–150, 164 NE2d 538; Markel Elec. Products v. United Electrical, Radio & Mach. Workers of America, 202 F2d 435, 437 (2nd Cir, 1953).

---

[1] Defendant Midland-Ross Corporation is the successor in interest to the contracting party Surface Combustion Corporation.

The contract in question was in writing, and there is no dispute over the fact that it contained the following arbitration clause:

Any controversy or claim arising out of or relating to the contract resulting from the acceptance of this proposal and the approval thereof by Surface or the breach of said contract shall be settled by arbitration to be held in Toledo, Ohio, in accordance with the Rules, then obtaining, of the American Arbitration Association and judgment upon the award rendered by the Arbitrator(s) may be entered in any court, state or federal having jurisdiction.

While plaintiff questions the validity of this provision in Illinois as of the date of the contract (May 9, 1958), we do not decide that point, since we agree with defendants that, as briefed in this court, the decisive issue is whether defendants waived their right to require arbitration of plaintiff's claim. Plaintiff maintains that they have, and the trial court so found. A good many moves were made by both sides after the filing of suit, and it is on the basis of these maneuvers that the issue of waiver must be determined.

Before any defense pleading was filed, defendant Midland-Ross presented a petition for removal of the cause to the United States District Court. In that petition it was alleged that the "controversy" involved diversity of citizenship, etc., and prayed that "this cause proceed in this court as an action properly removed thereto." Plaintiff moved to remand, and, in opposition thereto, defendant asserted that the allowance of a remand would deny to defendant its privilege "to elect the forum best calculated to enforcement of its substantive rights." Plaintiff's motion was allowed and the case was remanded to the Superior Court of Cook County where the original complaint had been filed.

Prior to remand, however, defendants filed a motion for summary judgment, alleging that they were "entitled to judgment as a matter of law." The motion was not ruled upon. In none of the papers filed in the federal court did defendants make any mention of the arbitration clause in the contract.

Back in the Superior Court, defendants again filed a motion for summary judgment supported by affidavits, again claiming that they should have "judgment as a matter of law." Plaintiff also filed a motion for summary judgment with affidavits in support, and defendants filed a supplemental affidavit. In none of these papers did defendants seek to assert any right to arbitration.

After a hearing two years later, both motions for summary judgment were denied, and defendants filed an answer to the complaint in which, for the first time in the litigation, they sought to invoke the arbitration clause of the contract. In point of time, this was four years after the complaint had been filed. Within a few days after filing answer, defendants moved to stay the proceedings pending arbitration, and from denial of that motion this appeal has been taken.

Defendants' principal contention is that they did not waive their arbitration rights because, until they raised issues of fact by the filing of their answer, they were not called upon to make their election to arbitrate. In the absence of Illinois decisions, defendants rely chiefly upon Haupt v. Rose, 265 NY 108, 191 NE 853. There, the court held that the defendant had not waived its contractual right to arbitration by first testing the sufficiency of the complaint on motion to dismiss. The motion to dismiss was denied and defendant was then permitted to raise the question of arbitration by answer.

■ ■ In the instant case defendants argue, by analogy, that they had the right to try out the summary judgment procedure without being held to have waived their right to insist on arbitration. We cannot agree,

264

because we perceive a vast difference between the principles involved in a motion to dismiss and a motion for summary judgment. In the former, a party asks the court to excuse him from answering a complaint which he considers not to state a cause of action; while, in the latter, a party invokes the jurisdiction of the court to enter judgment in his favor as a matter of law on a complaint which admittedly does state a cause of action. The basis for decision in summary judgment need not be limited to the pleadings, but may, and usually does (as in the instant case), include supporting affidavits, counteraffidavits, etc.

■■ Defendants take a narrow view of the purpose of summary judgment, in order to draw a closer parallel to a motion to dismiss. They say that the purpose of summary judgment procedure is merely to determine whether a material issue of fact exists, citing Precision Extrusions, Inc. v. Steward, 36 Ill App2d 30, 45, 183 NE2d 547; Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 103, 151 NE2d 443. We concede that such a statement of purpose is to be found in literally dozens of opinions. ILP, Judgments, § 71; SHA ch 110, § 57, and cases there cited. It is our belief, however, and we respectfully declare, that these judicial expressions were probably never intended as definitive declarations of a rule to be controlling in a case such as this; that they are somewhat imprecise as statements of *the* purpose of the summary judgment procedure, and that, in any event, they are importantly incomplete. As well might it be said that the purpose of an appeal is to determine whether the ruling complained of constitutes an appealable order. Instead of its being the end-purpose for the court to find that an issue of fact does, or does not, exist, such a determination is, rather, only the prerequisite or preliminary decision to commencement of the summary judgment hearing itself. If an issue of fact exists, all that should then be decided is that the procedure has

been improperly invoked; that the motion has been inappropriately made, and must therefore be denied. However, if there is "no genuine issue as to any material fact," then the court must proceed to determine whether or not the moving party is entitled to judgment as a matter of law. Ill Rev Stats (1963), c 110, § 57.[2] Surely, therefore, the important purpose of summary judgment procedure is the disposition of litigation through the trial or determination of cases in which the disputed issue is exclusively one of law. See Barkhausen v. Naugher, 395 Ill 562, 70 NE2d 565.[3] Summary judgment is a proceeding on the merits of the case just as much as when the disputed issue is one of fact, or a mixed question of law and fact.

We have discussed what we consider to be the nature of summary judgment procedure, because we believe that it bears importantly on the proper solution to the instant appeal. Plaintiff and defendants are in practical agreement that a contractual right to arbitra-

---

[2] Pertinent parts of this section of the statute read:

§ 57. Summary judgments and decrees. (1) For plaintiff. Any time after the opposite party has appeared or after the time within which he is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment or decree in his favor for all or any part of the relief sought.

(2) For defendant. A defendant may, at any time, move with or without supporting affidavits for a summary judgment or decree in his favor as to all or any part of the relief sought against him.

Ill Rev Stats (1963), c 110, § 57.

[3] In Barkhausen, the court said at page 567:

Where, as here, it is apparent that a controversy does exist, the entry of a summary judgment is improper. *The provisions of the statute and the rules were intended to facilitate litigation and to expedite trial procedure* through the use of the summary judgment. This, however, cannot be employed where it is shown that there is an actual dispute as to the facts and that there exists a triable issue. (Emphasis supplied.)

tion may be waived by a party through conduct inconsistent with the arbitration clause, which would thus indicate that he had abandoned his right to avail himself thereof. Thus, the only question is whether the actions of defendants in this case constituted such conduct, and, therefore, such a waiver. We conclude that they did.

██ It will be recalled that the subject of the arbitration clause was "[a]ny controversy or claim arising out of or relating to the contract . . . or the breach of said contract." We fail to see in these words the limitation which defendants urge restricting their application to factual disputes. We are sure that defendants would concede, as they do inferentially, that if, instead of requesting summary judgment, they had submitted an issue of fact to the court, they would have waived their arbitration rights. In our view, they waived those rights just as effectively when they submitted an issue of law to the court, since a ruling in defendants' favor would have completely disposed of plaintiff's claim to breach of warranty. Either issue, fact or law, would have presented for court decision a "controversy or claim" arising out of the contract or its breach.

██ Reviewing, then, the history of this litigation, we have no doubt that defendants did submit to both federal and state courts the "controversy" between the parties in the light in which they saw it—as an issue of law. And in so doing, they did, in our opinion, waive their right to have that controversy decided pursuant to the arbitration provisions of the contract. Other cases cited by defendants do not convince us to the contrary. They are: Trubowitch v. Riverbank Canning Co., 30 Cal 2d 335, 182 P2d 182; Almacenes Fernandez, S. A. v. Golodetz, 148 F2d 625, 627 (2nd Cir, 1945); American Locomotive Co. v. Chemical Research Corp., 171 F2d 115 (6th Cir, 1948).

The order of the Circuit Court is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded.

DRUCKER, P. J. and McCORMICK, J., concur.