**Della. Keessen and Mary Keessen, Plaintiffs-Appellees, v. Albina Zarattini, Union National Bank of Chicago, as Trustee Under its Trust No. 115, and First National Bank of Blue Island, as Trustee Under Document No. 2161184, Defendants, Albina Zarattini, Defendant-Appellant.**

**Gen. No. 52,211.**

First District, Fourth Division.

December 17, 1969.

Rehearing denied and supplemental opinion February 4, 1970.

Korean Movsisian, of Chicago, for appellant.

Slutzky & Slutzky, of Chicago (Irving Slutzky, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant Zarattini appeals from a decree enjoining encroachment upon an easement. Plaintiffs brought this action on November 18, 1965, to compel defendants to remove an enclosed brick stairway and other obstructions which allegedly encroached on plaintiffs' easement over certain real estate adjoining their own premises.

A summary of plaintiffs' amended complaint follows. Plaintiffs own and occupy the property commonly known as 11512 S. Eggleston Avenue, Chicago. Defendant Union National Bank as Trustee owns the property at the southeast corner of South Normal Avenue and West 115th Street, Chicago, and defendant First National Bank of Blue Island as Trustee is the mortgagee of the property.

Defendant Zarattini is in possession of these premises. In 1923 a former owner of defendants' premises created an easement for ingress and egress, in favor of plaintiffs' property, over a nine-foot alleyway immediately adjoining the north and west sides of plaintiffs' property. Plaintiffs have been the owners of their property since 1926, and "the aforesaid easement is necessary for plaintiffs' full use and enjoyment of their property." Defendants commenced building the offending stairway in April, 1965, and completed it the following month. The stairway structure encroaches upon approximately five feet of the easement. Defendants have further encroached by placing boulders, rocks, blocks and bricks, and a garbage disposal box upon the easement. Defendants have failed to remove the encroachments after notice by plaintiffs at the time the stairway was built. They thereby deprive plaintiffs of the full use and enjoyment of their easement, and render their property less valuable.

Three remedies were sought by plaintiffs: (1) that defendants be required to remove the boulders, rocks, blocks, bricks, and garbage box brought upon the easement; (2) that defendants be required to remove so much of the brick stairway as encroaches upon the easement; and (3) that defendants be enjoined from maintaining or using the easement, or encroaching upon same, or depriving the plaintiffs of the full use and enjoyment thereof.

The trustee banks, who are not parties to this appeal, asserted by motion that they had no interest in the real estate except as trustee under a land trust and trustee to secure indebtedness, respectively, and were not proper parties to the suit. They also argued, in the alternative, that plaintiffs' complaint was insufficient to set forth any cause of action, and asked to be dismissed from the suit.

Defendant Zarattini (hereinafter "defendant"), filed an answer in which she admitted that the easement existed, but alleged that it was created to give plaintiffs, as owners of their property, access to the rear of their lot, and to give other owners whose property also abutted the easement on the west, access to the rear of their lots. Defendant further alleged "that the doors to the garage located at the rear of plaintiff's premises face north and plaintiffs have an unobstructed ingress and egress to said garage" by way of the easement on the north side; that the easement on the west side (where the stairway is located) "is not necessary for plaintiffs to have access to the rear of their premises; that as a matter of fact, they could not possibly get in and out of their garage by the use of said easement."

Defendant admitted that she had built the stairway upon a portion of the easement as alleged, and that its construction, which was commenced in April, 1965, was completed in May, 1965. She alleged further, however, that the stairway does not interfere in any manner whatever with the ingress and egress by the plaintiffs, nor does it render the property of the plaintiffs less valuable.

Defendant also denied that oral notice of the encroachments was given to her by plaintiffs, and alleged, alternatively, that even if notice had been given, plaintiffs are estopped from complaining now because they remained passive during the period of construction.

Plaintiffs, without filing a reply to defendant's answer, made a motion for entry of summary judgment asking that the encroachments be removed and that defendants, their agents and employees, be permanently restrained from maintaining or using the easement, or encroaching upon same, or depriving plaintiffs of their full use and enjoyment. Defendant filed an answer to this motion asserting in part that the pleadings created factual issues which required a trial.

The trial court entered an injunction decree on the motion for summary judgment finding that defendant had encroached upon plaintiffs' easement by "building, or causing to be built," the brick stairway, and had also, in the past, encroached upon the easement by placing boulders, rocks, blocks and bricks and a garbage disposal box in and upon said easement. The decree required that : (1) defendant "remove so much of the brick stairway and building encroachment upon the easement"; (2) defendant "remove and . . . keep said easement free from any garbage containers, boulders or other debris whatsoever"; and (3) defendant and her "agents, and employees be restrained and enjoined from maintaining or using the aforementioned easement, or from encroaching upon same, or depriving the plaintiffs the full use and enjoyment thereof."

Defendant submitted a motion to vacate the decree on three grounds: (1) the court's order restraining defendant from maintaining or using the said easement deprives her of lawful use of the property, which deprivation is beyond the scope of the easement; (2) the court's findings have no basis in fact, and fail to take into consideration defendant's affirmative defenses which maintain that it is not necessary for plaintiffs to "get in and out of their garage by the use of said easement"; and (3) there were factual issues which could not be adjudicated by a motion for summary judgment. The court denied the motion.

■ In this court, defendant contends that since material facts were at issue in the pleadings, this should have prevented the trial court from entering summary judgment. Specifically, defendant raises a factual issue concerning the location of the alleged encroachment, the brick stairway, asserting that she had affirmatively alleged that plaintiffs did not have an easement where the stairway was located. We find that defendant is factually incorrect. In her answer to plaintiffs' amended com-

289

plaint, she admitted that the easement existed as set out in the amended complaint, seeking to avoid the consequences thereof by stating that the purpose of the easement was not to give plaintiffs access to the entire easement, but only to as much as was necessary to give plaintiffs access to the rear of their premises. The deed creating the easement contained no such limitation of purpose. That the encroachment was built upon the easement is not at issue. On a motion for summary judgment, if there is no genuine issue as to any material fact, the court must determine if the moving party is entitled to judgment as a matter of law. See Applicolor, Inc. v. Surface Combustion Corp., 77 Ill App2d 260, 222 NE2d 168. We conclude that the court could properly find, on the basis of the pleadings, that no issue of fact raised by defendant in the instant case was genuine, and judgment could, therefore, be properly entered for plaintiffs.

Defendant also contends that the judgment was faulty because the two defendant banks, who are not parties to this appeal, filed motions to strike for failure to state a cause of action, and that these motions were still pending as to them. The decree found that one bank was the owner, under a land trust agreement, of real estate pertinent to the suit; that the other was a mortgagee of the same property; and that they were proper party defendants. We believe that the decree disposed of all the issues before the court as to all parties. The fact that neither bank appealed from the trial court's decree has no bearing upon defendant's appeal.

■ Defendant contends that equity does not require enforcement of an easement where use by the servient estate does not deny or materially affect its use by the dominant estate, asserting that the obstruction of the easement in question does not affect plaintiff's ingress or egress; citing Oswald v. Wolf, 129 Ill 200, 21 NE 839,

290

and Beloit Foundry Co. v. Ryan, 28 Ill2d 379, 192 NE2d 384. Both cases are distinguishable from the instant case. In Oswald, the court found that the plaintiff had an adequate remedy at law, thereby not establishing a necessity for removal of the obstruction; that no interest was jeopardized; and that no irreparable damage was incurred. The court's decree in the case at bar properly found that the encroachments deprive plaintiffs of the full use and enjoyment of their easement, that plaintiffs continue to suffer irreparable injury, and that there is no adequate remedy at law. The Beloit case is also distinguishable. There, the defendants, mistakenly believing themselves to be the owners of the area, had constructed an addition to a building which encroached somewhat on plaintiff's 30-foot easement for ingress and egress. The court did not order its removal, since it found that the encroachment, unlike that in the instant case, did not deny or materially interfere with the use of the easement which was wide enough to have permitted almost daily use thereof by trucks making delivery of materials to plaintiff's foundry over a period of many years. This cannot be compared with a 5-foot obstruction to a 9-foot easement. We find that equity does not preclude enforcement of the instant easement according to its explicit terms, specifically, the right of ingress and egress over the entire 9-foot easement.

 Defendant next contends that plaintiffs, who brought suit six months after construction of the stairway, should be barred by laches. As defined in Gerstley v. Globe Wernicke Co., 340 Ill 270, 283, 172 NE 829:

> *Laches* is such neglect or omission to assert a right as, taken in conjunction with lapse of time more or less great and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity. In an equitable proceeding it is only when

by delay or neglect to assert a right the adverse party is lulled into doing that which he would not have done or into omitting to do that which he would have done in reference to the property had the right been properly asserted that the defense of *laches* can be considered.

The record indicates that defendant knew of the easement and wilfully violated its provisions. Under these circumstances, no prejudice has resulted to defendant by the fact that this suit was not commenced until November, after the stairway was built in April and May. In our opinion, laches does not bar this claim.

█ The further argument is made by defendant that the owner of the servient estate may use the easement for any purpose not inconsistent with its reasonable enjoyment by the owners of the easement. Kurz v. Blume, 407 Ill 383, 95 NE2d 338. The court's decree specifies that defendant's use of the easement (by construction of the stairway and the placing of other obstructions on the easement) deprived plaintiffs of the full use and enjoyment thereof and, in this light, we find such use to be unreasonable. We agree with defendant, however, that the portion of the decree which prohibits defendant, her agents and employees from "maintaining or using the aforementioned easement" is erroneously broad. Plaintiffs' use of the easement may not preclude use by defendant, as owner of the servient estate; rather, use by both must be permitted in accordance with their individual interests. Accordingly, we remand this cause and direct the trial court to modify its decree by striking the portion which would prevent defendant, her agents and employees from "maintaining or using the aforementioned easement."

█ Defendant also rightfully contests that portion of the decree which affirmatively requires that she

"keep the said easement free from any garbage containers, boulders or other debris whatsoever." Defendant's duties do not extend so far. The trial court should modify this portion to require that defendant only be compelled to remove such items placed there by her, and be enjoined from placing other similar items on the easement in the future.

■ Defendant, as a beneficiary of the land trust under which this property is held, contends that the writ compelling removal of the stairway requires the beneficiaries to enter into an agreement affecting real estate, which is beyond their legal capacity. We reject this notion when applied to the instant facts. Cases limiting contractual involvement of land trust beneficiaries are those where title is a foremost consideration. See Chicago Federal Savings & Loan Ass'n v. Cacciatore, 33 Ill App2d 131, 178 NE2d 888; Liberty Nat. Bank of Chicago v. Kosterlitz, 329 Ill App 244, 67 NE2d 876; Schneider v. Pioneer Trust and Savings Bank, 26 Ill App2d 463, 168 NE2d 808. Title is not at issue here; rather, the issue is simply removal of an obstruction which, under the circumstances of this case, would not seem to require intervention of the land trust trustee. If, however, any title problem should arise in this regard, the land trust trustee is a party to the suit and the trial court has expressly retained jurisdiction to make whatever further orders "may appear necessary to effectuate its decision."

The decree of the Circuit Court is affirmed in part and remanded in part with directions to modify the decree.

Affirmed in part, remanded in part with directions.

DRUCKER, P. J. and STAMOS, J., concur.

293

## SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

ENGLISH, J.

In defendant's Petition for Rehearing, points which had been raised in her briefs have been restated. In addition, she contends that the pleadings created an issue of fact as to plaintiffs' ownership of the dominant premises.

It is true that defendant's answer to the amended complaint alleged insufficient knowledge to admit or deny plaintiffs' ownership and demanded proof thereof. In defendant's amendment to her answer, however, repeated references are made to "plaintiffs' premises," plaintiffs' lack of need for access to the rear of "their premises," etc. Some of these statements are quoted in our original opinion. From these statements in the later pleading, it appears that defendant was not challenging plaintiffs' ownership, and in her briefs filed in this court no point was made of this contention, which is raised here for the first time on Petition for Rehearing.

■ For the reason stated, we believe that the point is without merit, but in any event, it comes too late for consideration. Supreme Court Rule 341(e)(7); Ill Rev Stats 1967, c 110A, § 341(e)(7).

We adhere to our original opinion, and defendant's Petition for Rehearing is denied.

STAMOS, P. J. and DRUCKER, J., concur.