JOSEPH J. CIMINO, Plaintiff-Appellant, *v.* CONRAD DILL *et al.*, Defendants-Appellees.

First District (5th Division)    No. 79-2073

Opinion filed December 31, 1980.

Donald J. Johnson, William Biederman, and Marks Katz Johnson, all of Randall, Weinberg & Blatt, and Harold I. Levine, of Harold I. Levine, Ltd., both of Chicago, for appellant.

James N. Vail, of Chicago, for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought this action for declaratory judgment to determine the validity and enforceability of certain restrictive covenants as regards property which he has contracted to purchase. The trial court granted defendants' motion for summary judgment, and plaintiff appeals from that order.

The following pertinent facts appear from the record. The subject property is Lot 4675 which comprises approximately 2½ acres of an 11½ acre subdivision in Elk Grove Village. The subdivision was owned by Vale Development (Vale) in 1967. On August 27, 1967, Vale filed "Proposed Covenants and Restrictions" (original document) with the Recorder of Deeds of Cook County (Recorder). That document provided in pertinent part that:

"All lots shall be used for single family residence purposes except * * * Lot 4675 * * * shall be designated as a Church Site. * * * It is understood that, with regard to Lot[s] * * * 4675 * * * the owner or owners in fee simple of said lot, shall at the time of subdivision thereof, be the sole parties who shall have the right to determine whether * * * Lot 4675, as subdivided, shall be used for a church site * * *."

In October 1967 Vale conveyed Lot 4675 to the Catholic Bishop of Chicago (Catholic Bishop), and the deed was recorded on October 25, 1967. On February 15, 1968, Vale filed an "Instrument of Construction, Correction and Amplification" (second document) with the Recorder, which provided in pertinent part:

"The phrase 'church site', as employed in instrument recorded August 28, 1967 * * * [original document] with respect to Lot 4675 * * * is hereby construed, corrected and amplified to include use of said lot as a church, church school, priests rectory and convent by the denomination erecting the church on said site, but if development of said premises for said purposes is not commenced within five (5) years from this date, the applicable restriction shall be for single-family residence purposes. Whether or not said lot is so developed, use thereof for single-family residence purposes shall also be permitted after thirty (30) years from this date."

After 1968, the subdivision was developed. A medical facility was constructed on adjacent property and an existing structure on an adjacent lot was used for treatment of alcoholics. The park district placed recreational facilities on a third lot and over 200 single-family residences were built. In 1978 the Catholic Bishop contracted to sell Lot 4675 to plaintiff. Plaintiff then brought this action joining certain landowners in the subdivision as representatives of the class subject to the original

document to determine whether the restrictions on the lot were binding upon him.

In his two-count amended complaint plaintiff stated that he intended to construct a medical/business service office building to benefit doctors at a hospital located opposite the subject property. He alleged that such a building conformed to the applicable zoning ordinance of Elk Grove. It was further alleged that a building on an adjoining parcel which was subject to the recorded restrictions had been used as an alcohol treatment facility for approximately 7 years and did not conform to the restrictions. In his first count, plaintiff alleged that because of changes in the character and condition of the subdivision and surrounding neighborhood, the enforcement of the restrictions was unreasonable and inequitable. In the second count, plaintiff alleged that the recorded restriction document was ambiguous on its face and that the ambiguities rendered the restrictions unenforceable.

Plaintiff filed a motion for summary judgment on count II of his amended complaint. Defendants filed a reply and a cross-motion for summary judgment seeking dismissal of only that count. The trial court denied plaintiff's motion and granted defendants' cross-motion and dismissed the complaint. The court found that the recorded document was clear and unambiguous and entered an order which dismissed the amended complaint.

OPINION

I.

Plaintiff first contends that the trial court erred in granting defendants' motion for summary judgment because the "Proposed Covenants and Restrictions" is ambiguous and not mandatory but merely suggestive. He therefore argues that the restrictions should give way to the policy favoring free use and alienation of property. (See *St. John's Evangelical Lutheran Church v. Kreider* (1977), 54 Ill. App. 3d 257, 260, 369 N.E.2d 370, 372; *Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 905, 278 N.E.2d 813, 816.) Plaintiff points specifically to the following factors, which he claims demonstrate the ambiguous and non-mandatory nature of the original document: (1) the document is captioned "Proposed Covenants and Restrictions"; (2) the document merely provides that the lot "shall be designated as a Church site" and does not expressly direct that its use be restricted to that purpose; and (3) the fact that the "Instrument of Construction, Correction and Amplification" was filed a year later.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) provides that summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Thus, summary judgment is proper when the issue is determinable solely as a question of law. *Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 583, 328 N.E.2d 595, 598; *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 266, 222 N.E.2d 168, 171.

In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits included therein most strictly against the moving party and most liberally in favor of the opponent. (*Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 547, 368 N.E.2d 629, 633; *Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 88, 243 N.E.2d 40, 45.) The right of a party to summary judgment must be clear and free from doubt. *McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 461, 328 N.E.2d 679, 680; *Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56, 59, 324 N.E.2d 444, 446-47.

■■■ Defendants' cross-motion for summary judgment sought dismissal of count II of the amended complaint which alleged that the restrictions were so ambiguous as to render them unenforceable. Whether the restrictions are ambiguous is a question of law because that determination necessarily involves a construction of the restrictions. (See *Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 904, 278 N.E.2d 813, 816.) Covenants are to be interpreted to give effect to the actual intent of the parties as of the time the covenant was made and as collected from the whole document construed in connection with the circumstances surrounding its execution. (*Garden Quarter I Association v. Thoren* (1979), 76 Ill. App. 3d 99, 101, 394 N.E.2d 878, 880; *Kessler*, at 904.) While doubts and ambiguities in the covenants should be resolved in favor of natural rights and against restrictions (*Engler v. Tenhaaf* (1979), 74 Ill. App. 3d 799, 803, 393 N.E.2d 1266, 1269; *Kessler*, at 905), this generalization cannot be used to ignore or override the specific language of a covenant. *Cordogan v. Union National Bank* (1978), 64 Ill. App. 3d 248, 251, 380 N.E.2d 1194, 1197.

Plaintiff claims that from a reading of the original document one cannot determine whether: (1) the restrictions are suggestive or mandatory; and (2) the developer or the first subsequent owner has the right to determine whether they are applicable. He suggests that the use of the word "Proposed" in the document's caption established that the restrictions are merely suggestive. In addition, the document provides that the lot "shall be designated as a Church site," and plaintiff argues that a designation is not an express direction but only a suggestion for use.

■■ We find that the language contained in the original document is ambiguous and that the trial court improperly granted defendants' motion for summary judgment on count II of the amended complaint. As already

stated, the "Instrument of Construction, Correction and Amplification" was prepared and recorded by Vale after the conveyance of Lot 4675 to the Catholic Bishop and was therefore not binding upon the grantee since it was not recorded before the conveyance. (See *Corbridge v. Westminster Presbyterian Church & Society* (1958), 18 Ill. App. 2d 245, 261-62, 151 N.E.2d 822, 831.) The second document was merely a unilateral after-the-fact declaration of Vale's intent in recording the original restrictions and to the extent that it expands or varies the earlier restrictions would not restrict the Catholic Bishop's use of the property.

From an examination of the original document, Vale's intent is unclear as to whether Lot 4675 was restricted to use for single-family residences unless the owner or owners determined to make use of its optional designation as a church site or whether the lot would be unrestricted in use should the owner determine not to use it as a church site. The document first states that all lots are for use as single-family residence purposes and then excepts the instant lot and several others from that restriction. It is unclear what effect the exception of Lot 4675 from the single-family use and its designation as a church site would have if the owner or owners at the time of subdivision determined not to use it for church purposes. Under one interpretation the designation as a church site could be seen as an optional use to the universal restriction to single-family use of all lots. On the other hand the document could be read as an exception of Lot 4675 from the general single-family use restriction which would leave the lot unrestricted in the event the owner determined not to use it as a church site.

■■ The second document clarifies this point by delineating the uses contemplated by the term "church site" and stating that if the lot is not developed as a church site within 5 years or in any event after 30 years, the use of the lot is restricted to single-family residence purposes. However, as already stated, this later document is not binding upon the Catholic Bishop. Although it is some evidence of Vale's intent at the time of the earlier filing, it is not conclusive since it was executed at a later time. From an examination of the original document alone, one is unable to determine what Vale's actual intent was at the time it was filed. Because summary judgment was granted, further evidence as to the circumstances of the document's execution was not brought forth. Defendants included copies of certain correspondence and a document which purportedly showed the Catholic Bishop's awareness of and acquiescence in the filing of the second document. Plaintiff objected to their inclusion in the motion because they had not been properly authenticated. The trial court properly refused to consider those documents since they were not sworn copies as required by Supreme Court Rule 191. (Ill. Rev. Stat. 1977, ch. 110A, par. 191.) Whether and to what extent the excluded documents

demonstrate an awareness and acceptance of the restrictions of the second document or the original intent of Vale are matters to be considered on remand upon submission of properly authenticated documents. The original document is ambiguous and the instant record does not contain sufficient evidence concerning the circumstances surrounding its execution to determine the factual question of Vale's intent at that time. The factual question of the intent is material to a proper interpretation of the restrictions, and we therefore conclude that summary judgment on that issue was error.

## II.

Plaintiff also contends that the trial court erred in dismissing count I of his amended complaint since defendants' cross-motion for summary judgment was addressed only to count II, which alleged the restrictions were unenforceable because of their ambiguous nature. Defendants maintain that plaintiff waived the dismissal of count I by not objecting to the wording of the order and electing to appeal immediately instead. We do not agree.

Defendants' cross-motion for summary judgment prayed that the court "enter judgment dismissing Count II of the Complaint." The transcript of the hearing on the motion clearly shows that the trial court directed his remarks to the question of ambiguity and confined his ruling to count II. The order which was signed by the judge was prepared by one of the defendants' attorneys and stated that the entire amended complaint was dismissed. The order goes beyond the relief sought by the motions and is inconsistent with the statements of the trial court. This case is unlike *Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1978), 71 Ill. 2d 428, 438-39, 376 N.E.2d 993, 998, where the motion for summary judgment dealt with the factual underpinnings of two counts and sought dismissal of the entire case. Here, defendants' motion did not address the changed circumstances of the neighborhood upon which count I was premised.

■■ Defendants attempt to justify the dismissal of count I by asserting that it fails to allege facts which indicate a change so radical and complete as to render the restriction unreasonable. The complaint alleged that one of the neighboring lots was used as an alcohol treatment facility in violation of the restrictions and that there had been a significant change in the neighborhood subsequent to the filing of the restrictions. Defendants' answer admitted that part of the building located on Lot 4676 was used for treatment of alcoholic patients but denied that such use was in violation of the restrictions. The answer neither admitted nor denied that changes in the neighborhood made enforcement of the restrictions unreasonable. The motions for summary judgment never addressed this

aspect of the complaint and no additional evidence to support or refute this claim was brought before the trial court. The pleadings raised a material question of fact concerning whether changes in the neighborhood were so radical and complete as to make enforcement of the restrictions unreasonable. In their brief defendants argue that the treatment center is a permitted use under the restrictions and that the use is not the type of radical and complete change as is necessary to permit nonenforcement of the restrictions. Whether or not defendants' claims on this point are true is immaterial for purposes of review since neither the question of, nor proof of, the condition of the neighborhood was properly before the trial court. Because no motion to dismiss count I was before the court and no proof is contained in the record to support such a ruling, the entry of the order dismissing the entire amended complaint was error. (See *Hartford Accident & Indemnity Co. v. Mutual Trucking Co.* (1949), 337 Ill. App. 140, 144-45, 85 N.E.2d 349, 351.) Because a material question of fact exists concerning the allegations contained in count I, summary judgment as to that count was improper.

Accordingly, the order of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.