172 Ill. App.3d 892 (1988)
527 N.E.2d 167
LAKE HOLIDAY PROPERTY OWNERS' ASSOCIATION, Plaintiff-Appellee,
v.
HOWARD ARENKILL et al., Defendants and Appellants and Third-Party Plaintiffs (Charles Blakemore et al., Third-Party Defendants-Appellees).
No. 3-87-0788.
Illinois Appellate Court  Third District.
Opinion filed August 4, 1988.
Goldsmith, Thelin, Schiller & Dickson, of Aurora (Bruce A. Brown, of counsel), for appellants.
*893 Hoffman, Mueller & Creedon and Hupp, Irion, & Hupp, both of Ottawa (George C. Hupp and Melvin Hoffman, of counsel), for appellees.
Reversed and remanded.
JUSTICE WOMBACHER delivered the opinion of the court:
The defendants, Howard and Mary Arenkill, purchased two lots from Charles and Anita Blakemore. The lots were located in the Lake Holiday Development in La Salle County, Illinois. The Blakemores represented to the defendants, who were not assisted by an attorney, that the lots could be used either residentially or commercially.
In fact, the lots were originally platted with restrictive covenants relating to the subdivision. The plat was accepted by the development committee of La Salle County. On the recorded plat, the lots were designated for use for "business concession." Neither lot had ever been utilized for any purpose inconsistent with its plat dedication, but had simply remained vacant and unused lots. Additionally, a contract of sale entered into between the original developer, Illinois Wildlife Clubs, Inc., and the Blakemores contained a covenant for commercial use of the land. The contract had been recorded in the chain of title.
The defendants had planned to build a residence on one of the lots. The plaintiff, Lake Holiday Property Owners' Association, sought a declaratory judgment and injunction restraining and enjoining the use of the lots for purposes inconsistent with their plat dedication and the terms of the recorded contract of sale. The defendants filed a third-party complaint against the Blakemores alleging misrepresentation of facts inducing their purchase of the property.
The trial court found that the lots were restricted for business purposes and enjoined any residential use. The third-party complaint was dismissed.
The defendants appeal both the finding of the court in the declaratory action and the order dismissing their third-party complaint.
The primary issue before this court is whether the language in the plat of subdivision stating "business concession" necessarily prohibits residential use of the property.
 1 It is well established that in construing a deed containing restrictions as to the use of the property conveyed in fee, all doubts will be resolved against the restrictions and in favor of the free use of the property. (Newton v. Village of Glen Ellyn (1940), 374 Ill. 50, 27 N.E.2d 821.) The rule of strict construction which applies to covenants in deeds necessarily applies to limitations imposed by other instruments in the record chain of title. (Cimino v. Dill (1982), 108 Ill. App.3d 782, 439 N.E.2d 980.) Covenants should be construed most strongly against the covenantor and all doubts and ambiguities should *894 be resolved in favor of natural rights and against restrictions. Kessler v. Palmeri (1972), 3 Ill. App.3d 901, 278 N.E.2d 813.
 2 In applying these rules of property law to the instant case, we find that we cannot sustain the trial court's determination that the subject land is restricted to a business use. While the recorded documents dictate a business use may be made of the property, that use was not indicated as an exclusive one. The covenant does not explicitly restrict the use of the land to business purposes only and does not constitute a limitation on the free use of the land generally. Residential use of the land has not been expressly prohibited, and we will not impose such a limitation upon the use of the real estate.
Due to our disposition of the foregoing issue, we need not consider the defendants' appeal of the trial court's order regarding their third-party complaint.
For all of the foregoing reasons the judgment of the circuit court of La Salle County in the declaratory action is reversed, and this cause is remanded with directions to enter an order permitting residential use of the subject lots.
Reversed and remanded with directions.
HEIPLE and SCOTT, JJ., concur.