NELLIE KING HAYS

v.

THE ST. PAUL METHODIST EPISCOPAL CHURCH.

196  633
214  ¹346

*Opinion filed April 16, 1902—Rehearing denied June 6, 1902.*

1. BUILDING RESTRICTIONS—*grantor may convey subject to such restrictions as he sees fit.* An owner may convey his property subject to such building restrictions as he sees fit, and if the grantee accepts the conveyance and the restrictions are not objectionable in law they will be enforced at the suit of one in whom the right to enforce them is vested.

2. SAME—*party must show right to enforce building restriction.* In a suit by a party, other than the grantor, to enforce a building restriction, the complainant must show that the intention of the restriction was to benefit her property, and such intention must be ascertained from the language of the deed, considered in the light of the surrounding circumstances.

3. SAME—*when building restriction will not be enforced at suit of third party.* A building restriction that no structure shall be erected on the lot "further east or nearer Ashland avenue than is the house or building immediately south of said property," will not be enforced in favor of the owner of the building so specified, where the only circumstance regarding her right to the benefit of the restriction is that the grantor in the deed was her father, who had given to her the house south of the property conveyed.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

FLOWER, VROMAN & MUSGRAVE, for appellant.

ALTGELD, DARROW & THOMPSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 1, 1893, John A. King conveyed to the First Methodist Episcopal Church of Chicago vacant lots at the corner of Harrison street and Ashland boulevard, in the city of Chicago, having a frontage of eighty feet on Ashland boulevard. The deed contained the follow-

ing provision: "*Provided, however*, and this conveyance is made strictly subject to the condition, that no building or structure shall be built or erected on the land herein described and conveyed, further east or nearer Ashland avenue than is the house or building immediately south of said property." The deed was recorded September 11, 1893, and on that day the First Methodist Episcopal Church conveyed the premises to the Marshfield Avenue Methodist Episcopal Church in consideration of $32,500, without any building restriction, but upon the condition that they were to be used for church purposes of the Methodist Episcopal Church, and not to be sold or encumbered without the consent of the trustees of the First Methodist Episcopal Church. The Marshfield Methodist Episcopal Church is now the St. Paul Methodist Episcopal Church, the appellee. When the conveyance was made by John A. King, the appellant, Nellie King Hays, was the owner of the lot and house immediately south, mentioned in the deed, and continues to own the same. In the spring of 1901 the appellee proceeded to erect a church building on its premises. Appellant had then resided in California three years for the benefit of her health and her house had been occupied by tenants, but she had entertained an intention of returning to it. As the church was planned, the front wall of the main building was to be nine and one-half feet back of the front line of appellant's house, but in front of that there was to be a lobby, with halls nineteen feet high, the front wall of which would extend at the ground level five and one-half inches nearer the street than the front wall of appellant's house, and at the height of seven feet it would extend two and one-half inches nearer the street than that wall. There is a bay in the front of appellant's house, and there were to be two bays in the front of appellee's church which would extend three feet and two and one-half inches nearer the street than the bay of appellant's house. The bays in the church building were to be twenty-four feet

high.   Appellant filed her bill in the superior court of
Cook county, claiming the right to enforce the restric-
tion contained in the deed of John A. King as being for
the benefit of her house and lot, and asked the court to
enjoin the appellee from constructing or erecting on its
premises any building or structure further east or nearer
Ashland boulevard than her house.   On a hearing the
bill was dismissed for want of equity.

It is not denied that the purchase from John A. King,
and the acceptance of the conveyance subject to the pro-
vision contained in it, created a valid personal obligation
to him.   An owner has a right to sell and convey his
property upon such terms and conditions as he may see
proper, and if the terms are accepted by the grantee, and
are not objectionable in law, they will be enforced at the
suit of the one in whom the right is vested. (*Frye* v. *Part-
ridge*, 82 Ill. 267.)   If a subsequent owner has taken title
with notice, either actual or constructive, of a binding
agreement between his grantor and the original owner
establishing a building restriction, he will be bound to
abide by it and equity will enforce it.   In this case there
is no dispute that the defendant had notice of the build-
ing restriction from the recorded conveyance to the First
Methodist Episcopal Church, and if it was imposed in
favor of complainant's house and lot, and for the benefit
of the same, complainant would have a right to enforce
it.   The question is whether, by the agreement between
King and his grantee, defendant's lot was burdened with
the restriction for the benefit of the complainant's lot,
so that she can enforce the agreement.   The restriction
was imposed by John A. King and the agreement was
with him.   Complainant was a stranger to that transac-
tion, and there was no covenant or agreement between
her and the defendant or its grantor.   Her right to en-
force the agreement must depend upon her making it
appear that it was entered into for the benefit of her lot.
In making his conveyance John A. King had a legal right

to impose the condition from any motive, and it is immaterial what the motive was, and he could impose it in favor of property which he did not own and which belonged to complainant, if he saw fit to do so. When he executed his deed he did not own any other property in the block or in that vicinity. He did not own the lot or house south of the premises which he conveyed and had no interest in either. He had once owned the premises, and had conveyed them by warranty deed December 1, 1889, to the complainant, who is his daughter, and, as a matter of fact, the conveyance was a gift to her. There was no agreement outside of the deed, either between King and complainant or between either of them and the grantee. To establish complainant's right she must show the intention of the restriction to have been to benefit her lot, and this intention must arise out of the language of the deed, construed in the light of the surrounding circumstances. The intention is to be ascertained as in other cases,—not by learning some secret or unexpressed intention in the mind of King, but from the language of the deed itself, considered in connection with the circumstances existing at the time it was executed. (*Hutchinson* v. *Ulrich*, 145 Ill. 336.) The defendant is bound by what it had notice of, but not by secret intentions of King. If the deed, in the light of the circumstances, expresses an intention to give complainant's property the benefit of the restriction, she can enforce it in behalf of that property, otherwise not. In construing the provision, restrictions are not favored, although where the intent is clearly manifested the court will enforce them. When a fee is conveyed, limitations and restrictions upon the use of the property are not favored, and all doubts, as a general rule, are to be resolved against them. (*Eckhart* v. *Irons*, 128 Ill. 568; *Hutchinson* v. *Ulrich, supra; Ewertsen* v. *Gerstenberg*, 186 Ill. 344.) The defendant took the premises bound by the agreement, and can be restrained from violating it at the suit of any one having the interest.

(2 Pomeroy's Eq. Jur. sec. 689.) To establish such an interest, complainant must show that the restriction was made in favor of her particular lot, and that the circumstances were such as to impart to the defendant notice, from the terms of the deed, that such was the case. *Coughlin* v. *Barker*, 46 Mo. App. 54.

Questions as to the right of persons not parties to covenants and agreements of this character to enforce them have arisen under various conditions. In some cases there has been a general plan or scheme, where each party has bought with reference to the general plan and the agreement entered into the purchase of each piece of property, and in such cases the agreement has been enforced between grantees. Where land is sold in lots or parcels and agreements are made with each purchaser creating a building line, the inference is that the agreements are intended for the common benefit of all the purchasers. That intention is manifested by the character of the transaction, and each may enforce the restrictive agreement against the others. There was nothing of that kind in this case. Another class of cases is where the vendor has sold a part of his lands and imposed a restriction upon the lands retained in favor of the lands sold. *Kirkpatrick* v. *Peshine*, 24 N. J. Eq. 206, is a case of that kind, where a party purchased a lot for a residence site with an agreement of the vendors that any further conveyances of lots on the same street would provide that purchasers should not erect houses within twelve feet of the line of the street. They subsequently conveyed to another party a lot containing the restriction. The second grantee had notice of the agreement lawfully made with the first purchaser, and was not permitted to use the property in a manner inconsistent with the agreement. There was no element of that kind in this case. When King sold or gave the lot to complainant there was no agreement with her upon which she could base any right to enforce the restriction subsequently made in the

conveyance to the First Methodist Episcopal Church. King not only parted with the title to the lot of complainant and had no interest in it, but there was neither agreement nor understanding that he would impose any restriction thereafter for its benefit. Another class of cases is where the owner sells a part of his premises and imposes a restriction on the purchaser by which the lands retained will be benefited. Such a transaction is sufficient to show an intention that the restriction is for the benefit of the lands retained, and the grantor, or his subsequent grantee, can enforce it. *Star Brewery Co.* v. *Primas*, 163 Ill. 652, is an example of a grant with a restrictive clause as to the use of the property granted, for the benefit of property retained by the grantor. The premises sold were not to be used for saloon or dram-shop purposes so long as the grantor owned a saloon building near by. This case does not come under the rule in those cases. The deed from King did not, in terms, express an intention or purpose to benefit complainant's lot or to impose a restriction in favor of such lot, and the only reference to it is as a monument. The mere fact that he mentioned it in that way is not sufficient to show that he designed to protect the light, air or view or to give an interest in the property. If he had desired to do so it would have been very easy to express his purpose, as was done in the deed construed in *Tinker* v. *Forbes*, 136 Ill. 221. In that case the provision was that no building should be erected on the half lot conveyed, that should darken any light, within three feet of the west line of said half lot. By that provision the intention of the grantor was manifested and notice given of such intention. In *Gilbert* v. *Peteler*, 38 Barb. 488, the grantee agreed not to erect any structure or building whereby the view or the prospect of the bay from a certain dwelling house should be obstructed or impaired. In these cases the restriction was for the benefit of particular property, as appeared from the terms of the agreement, and could be enforced by the owners

of such property.  Outside of the language of the deed there is nothing in the circumstances which could have any possible relation to complainant or her property, except the fact that she was the daughter of King.  If the First Methodist Episcopal Church was aware of that fact, (which does not appear,) and the intention of the parties is to be ascertained by construing the terms of the deed in connection with that fact, we do not think that such relationship would be sufficient to sustain complainant's claim.  The alleged intention and understanding that the restriction was in favor of complainant's property was not expressed in any manner, and the mere fact of parental regard would not give the words of the deed the meaning insisted upon.  If such regard, alone, without any agreement or obligation, would have that effect, then a more distant relationship might be resorted to for the same purpose, or mere friendship be considered as adding to the terms of the deed.

We think it does not appear from the terms of the deed, when construed according to the established rules of law, that the restriction was for the benefit of complainant's lot.  It follows that the learned chancellor of the superior court was right in dismissing the bill.

The decree is affirmed.                    *Decree affirmed.*