JOSEPH MERTEL et al., Plaintiffs-Appellants and Counterdefendants-Appellants, v. HOWARD JOHNSON COMPANY, INC., et al., Defendants-Appellees (Howard Johnson Company, Inc., et al., Counterplaintiffs-Appellees; Arthur Mertel, Counterdefendant).

Third District   No. 3—89—0038

Opinion filed November 22, 1989.

Charles W. Helmig III, of Peru, for appellants.

Stephen C. Myers, of Myers, Daugherity, Berry & O'Conor, Ltd., of Streator, for appellee Howard Johnson Company, Inc.

Joseph E. Lanuti, of Hupp, Lanuti, Irion & Martin, of Ottawa, for appellee Electrical Workers Benefit Association.

Paul Perona, of Perona Law Offices, of Peru, for appellee Mariott, Inc.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Joseph Mertel and Anthony Mertel, filed a complaint for partition of a parcel of real estate they owned as tenants in common along with one of the defendants, Arthur Mertel. The other defendants are owners and lessees of an adjoining parcel. The defendants filed a countercomplaint for declaratory judgment seeking a determination as to the enforceability of a restrictive covenant contained in a deed to the parcel owned by the Mertels. The trial court held that the covenant was enforceable by the defendants, that it applied to the entire parcel owned by the plaintiffs and that it was not subject to partition. In addition, the trial court entered an order granting the plaintiffs' request to partition their property. The court

reiterated that the restrictive covenant applied to the entire parcel and was not subject to partition. The plaintiffs brought the instant appeal.

The record shows that in 1973 O'Hare International Bank (O'Hare) held as trustee a 10.440-acre parcel of real estate located in La Salle County. On July 31, 1973, O'Hare conveyed by trustee's deed 7.307 acres of that parcel to Jerome Arendt. That same day, Arendt conveyed by quitclaim deed his interest in the property to the Chicago Title and Trust Company. Also on July 31, 1973, O'Hare conveyed an undivided one-half interest in the remaining 3.133 acres to Galesburg Motor Lodge, Inc. The deed to Galesburg Motor Lodge contained the following rider:

> "This conveyance is made upon the express covenant and condition that the premises herein described shall not be used either for the conduct and operation of a restaurant facility or for conduct and operation of a motel or hotel or for providing meeting rooms, catering services or other uses provided by a usual and typical motel or hotel, which covenant and condition shall remain effective during the original terms and any extension of the terms of those two certain leases dated July 9, 1973, between CHICAGO TITLE AND TRUST COMPANY, as Trustee under Trust Number 62544, as Lessor, and HOWARD JOHNSON COMPANY (INC.), as lessee, and leasing premises included within all the real estate described on Exhibit A attached hereto and made a part hereof. The covenants and condition herein set forth shall be deemed to be a covenant running with the land and shall be binding upon the grantors and grantees hereof and their respective grantees, successors and assigns.

> The restrictions shall be of no force and effect in the event that title to the real estate described on Echibit [sic] A shall vest in any bona fide first mortgagee as a result of foreclosure proceedings."

The record shows that exhibit A is the legal description of the adjoining 7.307-acre plot.

The record also shows that on July 9, 1973, Chicago Title and Trust Company entered into a agreement with Howard Johnson Company, Inc., to lease the 7.307-acre parcel to Howard Johnson for the purpose of operating a motor lodge, restaurant and meeting facility. Thereafter, Chicago Title and Trust Company conveyed its interest in the parcel and assigned the lease to the Electrical Worker's Benefit Association.

In 1981, Galesburg Motor Lodge, Inc's undivided one-half interest in the 3.133-acre parcel was conveyed to the Mertel Investment Company. O'Hare conveyed its remaining interest in the parcel to the Mertel Investment Company in 1983. Thereafter, the Mertel Investment Company conveyed its interest to the Mertel brothers.

On appeal, the plaintiffs contend that the trial court erred in finding that the defendants have a right to enforce the covenant created by the deed between O'Hare and Galesburg Motor Lodge, Inc. In the alternative, the plaintiffs contend that if the defendants have a right to enforce the covenant, the covenant only applies to an undivided one-half of the 3.133-acre parcel.

■■ ■ Restrictive covenants are valid in Illinois if they are reasonable. (*Sanni, Inc. v. Fiocchi* (1982), 111 Ill. App. 3d 234, 443 N.E.2d 1108.) Covenants are to be interpreted so as to give effect to the actual intent of the parties determined from the whole document construed in connection with the circumstances surrounding its execution. (*Amoco Realty Co. v. Montalbano* (1985), 133 Ill. App. 3d 327, 478 N.E.2d 860.) The generalization that all doubts and ambiguities shall be resolved in favor of free use and against restrictions cannot be used to ignore or override specific language of a restrictive covenant. (*Cordogan v. Union National Bank* (1978), 64 Ill. App. 3d 248, 380 N.E.2d 1194.) The person in whose favor a restrictive covenant runs is *prima facie* entitled to its enforcement. *Wier v. Isenberg* (1981), 95 Ill. App. 3d 839, 420 N.E.2d 790.

The plaintiffs cite as support *Hays v. St. Paul Methodist Episcopal Church* (1902), 196 Ill. 633, 63 N.E. 1040. We find *Hays* to be distinguishable on its facts. In *Hays*, the court held that the complainant failed to show that a restriction imposed on an adjoining property was established for the benefit of the complainant's lot. Although the two parcels derived from a common grantor, the conveyance to the complainant occurred over three years before the grantor conveyed the adjoining parcel to the defendant. The deed to the defendant restricted the construction of any building on the defendant's property which would be "further east or nearer Ashland avenue [*sic*], than is the house or building immediately south of said property." (196 Ill. at 634.) The court held that the language contained in the defendant's deed did not express an intent to benefit the complainant's parcel, or impose a restriction in favor of that parcel. The reference to the complainant's property was utilized as a monument or point of reference. The court found that it did not appear from the terms of the deed that the restriction was imposed for the benefit of the complainant's property.

■ In the instant case, it is clear that O'Hare conveyed the property interest to Galesburg Motor Lodge under the restrictive condition that the property not be used for a competing hotel/motel business so long as the leasing arrangement between Howard Johnson Company and Chicago Title and Trust Company, and their assigns, remained in effect. The conveyance of the two parcels took place on the same day. Howard Johnson and Chicago Title and Trust Company had already entered into a leasing arrangement regarding the property that Chicago Title and Trust Company was going to acquire. The inclusion in the covenant of the language concerning the lease demonstrates the grantor's intent that the 3.133-acre parcel not be used in a manner which would compete with the business to be conducted on the adjoining parcel which the grantor was also conveying that day. The covenant was clearly meant to benefit the owner and lessee of the adjoining parcel. We find no merit to the plaintiffs' argument that the restrictive covenant in this case could only be enforced by the named grantor and grantee and their assigns. The covenant was created to directly benefit the adjoining parcel and is enforceable by the defendants.

The trial court correctly held that the covenant applied to the entire 3.133 acres and not simply to the undivided one-half interest conveyed to Galesburg Motor Lodge, Inc. The covenant states that the restriction applies to the premises rather than the interest being conveyed. It also states that the covenant runs with the land and that it is binding upon both the grantor and the grantee and their assigns. The Mertel Investment Company, through which the Mertel brothers acquired their interest, was the assignee of both the grantor and the grantee. Therefore, there is no merit to the plaintiffs' argument that the covenant applies only to an undivided one-half interest in the parcel. We also note that the plaintiffs cite no authority for the use of partition proceedings to remove a restrictive covenant or that such covenants are subject to partition. The covenant applies to the entire parcel and is not subject to partition.

Therefore, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

WOMBACHER, P.J., and HEIPLE, J., concur.