LAKE BARRINGTON SHORE CONDOMINIUM TEN HOMEOWNERS ASSOCIATION, Plaintiff-Appellant, v. LAWRENCE MAY, Defendant-Appellee.

Second District   No. 2—89—0595

Opinion filed April 17, 1990.

Mark L. Dressel and Ronald T. Slewitzke, both of Morgan, Lanoff, Denniston & Madigan, Ltd., of Chicago, and Denis J. McKeown, of Waukegan, for appellant.

Lawrence May, of Barrington, appellee *pro se.*

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Lake Barrington Shores Condominium Ten Homeowners Association (Association), filed suit against defendant, Lawrence May, alleging that defendant, a condominium owner and Association member, had violated the terms of the condominium declaration and the Association's bylaws and regulations by erecting a deck to the rear of his condominium. The Association sought a mandatory injunction requiring defendant to dismantle the deck. The trial court entered judgment in favor of defendant. Plaintiff appeals the judgment, contending that the trial court erred in finding (1) that the Association's decision not to grant defendant a variance for his deck because the deck would encroach on common elements was an absurdity and (2) that the Association could not deny defendant a variance in light of its acquiescence in prior violations.

Defendant purchased his condominium in 1985. At that time, there was a 10-foot by 10-foot concrete patio at the rear of the unit. In July 1986, defendant removed the patio and began construction of a 10-foot by 18-foot wooden deck. The Association's property manager advised defendant that there was no approved architectual variance for the deck and that he should cease construction until he received approval for the project. Defendant submitted a plan to the Association's architectual committee, and they recommended the plan for approval. The board of directors, however, rejected the plan based on its policy of denying any variance which would encroach on the common elements of the development. The board advised defendant that it would approve a variance for a deck which was no larger than the 10-foot by 10-foot patio. Defendant went forward, however, and completed the deck despite the lack of approval. The Association brought suit seeking a mandatory injunction requiring defendant to remove the deck. Following a bench trial, the court ruled in favor of

defendant and denied the request for a mandatory injunction. Plaintiff appeals.

Plaintiff contends that defendant was an Association member and was bound by the restrictions contained in the declaration, the bylaws and the regulations and that defendant violated the restrictions by altering his patio without written approval. Plaintiff relies on various sections of the declaration, bylaws and regulations.

Article 5, paragraph 4, of the declaration states:

"The use of the Common Elements and the rights of the Unit Owners with respect thereto shall be subject to and governed by the provisions of the Act [the Condominium Property Act (Ill. Rev. Stat. 1983, ch. 30, par. 301 *et seq.*)], this Declaration and the By-Laws and rules and regulations of the Board of Directors of the Association."

Article 5, paragraph 6 states:

"No alterations of any Common Elements or any additions or improvements thereto shall be made by any Unit Owner without the prior written approval of the Board."

Article 5, paragraph 8D, states:

"A Unit Owner shall not *** change the appearance of any *** balcony, deck or patio, in any manner contrary to such rules and regulations as may be established by the Association."

Article 5, section 2, of the bylaws states:

"The use, maintenance and operation of the Common Elements shall not be obstructed, damaged or unreasonably interfered with by any Unit Owner."

The board regulations state:

"The Condo X Board will not approve any variance that encroaches on common elements."

Common elements are defined as all of the property except the units. Patios, decks and balconies are included within the description of common elements; however, they are designated as limited common elements and are reserved for the exclusive use of the unit owner whose property adjoins that patio, deck or balcony. The board rejected defendant's request for a variance because the proposed deck would encroach on common elements.

The trial court found that the board's reason for denying defendant's variance was an absurdity because a deck is by definition a part of the common elements and, therefore, cannot encroach on itself.

■ The paramount rule for the interpretation of covenants is to expound them so as to give effect to the actual intent of the parties

as determined from the whole document construed in connection with the circumstances surrounding its execution. (*Amoco Realty Co. v. Montalbano* (1985), 133 Ill. App. 3d 327, 331.) The rule of strict construction in favor of the free use of property will not be applied to defeat the obvious purpose of a restriction, even if not precisely expressed. *Amoco*, 133 Ill. App. 3d at 331.

The restrictions in the declarations, bylaws and regulations exist for the purpose of maintaining architectural and aesthetic standards and preserving the common elements for the use and enjoyment of all of the homeowners. Plaintiff contends that the Association's intention in promulgating its policy against encroachments into common elements was to "disapprove encroachments onto the common elements that extended beyond the parameters of the limited common elements."

■ Even assuming that this is a proper statement of the Association's intention, the Association has failed to establish an impermissible encroachment. As noted above, the limited common elements are a subset of the common elements; they are those portions of the common elements, including patios and decks, that are reserved for the exclusive use of the unit owner whose property adjoins such elements. In effect, every limited common element is an encroachment on the common elements because it is reserved for the exclusive use of an individual. The declaration clearly contemplates the existence of patios, decks and balconies, however, and, therefore, contemplates that each unit owner will have some portion of the common elements reserved for his exclusive use, in effect, a permissible encroachment.

The Association's position, that defendant's deck is an impermissible encroachment, is premised on a belief that the 10-foot by 10-foot patio which existed when defendant moved into his unit defines that portion of the common elements which is reserved for defendant's exclusive use. However, plaintiff has failed to present any evidence tending to establish this beyond the existence of the patio itself. Plaintiff presented no document or plat which indicates that the area reserved for defendant's use was in any way limited to a certain size or to the parameters of the patio which existed when the development was constructed. Having failed to establish the size of the portion of the common elements which was reserved for defendant's exclusive use, plaintiff has, consequently, failed to establish that defendant's deck exceeded that size.

■ Plaintiff contends that "[u]nder the court's rationale, the Defendant or any unit owner could build a deck of any dimension(s) without Board approval thereby usurping the common elements for

their private use." We disagree. Unit owners are still required to submit plans and obtain approval before altering the common elements. The architectural committee makes rulings and suggestions concerning whether additions and improvements are architecturally acceptable and consistent with the other unit owners' uses and interests. If suggested changes do not meet architectural and aesthetic standards, or will interfere with the other owners' use and enjoyment of the property, the committee and the board may disapprove the variance. In this case, defendant's deck was architecturally indistinguishable from the other decks in the development; there were many decks which were larger than defendant's deck; and there was no evidence that defendant's deck interfered with other unit owners' interests. Further, if the Association wishes to establish a limitation on the size of decks, this can be accomplished through an amendment of the condominium documents.

■ The relief sought in this case is a mandatory injunction requiring defendant to remove his deck. The remedy of mandatory injunction is generally invoked by the courts to compel a landowner to remove an encroachment. (See *Ariola v. Nigro* (1959), 16 Ill. 2d 46, 51; *Calhoon v. Communications Systems Construction, Inc.* (1986), 140 Ill. App. 3d 1012, 1016-17.) In this case, certain encroachments on the common elements are permissible pursuant to the condominium documents, and plaintiff has failed to establish that the deck at issue constitutes an impermissible encroachment. Under these circumstances, plaintiff has failed to establish its right to a mandatory injunction.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT, P.J., and WOODWARD, J., concur.