DANIEL W. SHERWOOD, Plaintiff-Appellant, v. JOSEPH H. RIGSBY III, Defendant-Appellee.

Third District   No. 3—90—0887

Opinion filed October 7, 1991.

Hafele, Thiemann & Carter, of Peoria (James R. Carter, of counsel), for appellant.

Barash, Stoerzbach & Henson, P.C., of Galesburg (Dwayne I. Morrison, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Daniel W. Sherwood, appeals from a judgment in favor of the defendant, Joseph H. Rigsby, which denied Sherwood's complaint for injunctive relief. Sherwood sought to enforce the terms of a restrictive covenant running with a parcel of real estate owned by Rigsby. We reverse and remand.

The record shows Sherwood is the owner of lot 60 and the northern one-half of lot 59 in the Fair Acres North Extension No. 1 subdivision in Galesburg, Illinois. These two parcels combined are designated lot 1 of the Sherwood-Swanson subdivision. Hereinafter, Sherwood's property will be referred to as lot 1. Lot 1 is improved by a residence.

Rigsby is the owner of lot 58 and the southern one-half of lot 59 in the Fair Acres subdivision. These two undeveloped parcels are also known as lot 2 of the Sherwood-Swanson subdivision, and will be referred to as lot 2. In addition, Rigsby owns a tract of undeveloped real estate to the immediate east of lots 1 and 2. Rigsby filed a proposed subdivision plat with the City of Galesburg to subdivide the real estate to the east of lots 1 and 2 into eight parcels to be used for single-family residences. As part of his plans, Rigsby proposed to build a public access street to his proposed development across lot 2. All the parcels involved in this case are zoned single-family residential.

Sherwood filed a petition for a temporary restraining order to enjoin construction of a street on lot 2. By agreement of the parties, an order granting the temporary restraining order (TRO) was entered on August 8, 1990. Subsequently, Sherwood filed a complaint for injunction to enforce a restrictive covenant which governed the use of all lots in the Fair Acres subdivision.

Following a hearing, the trial court issued a lengthy opinion in which the court denied injunctive relief and dissolved the TRO.

On appeal, Sherwood contends the trial court erred in denying injunctive relief. Sherwood asserts the proposed use of lot 2 as a public street violates a provision of the restrictive covenants to which lot 2 is subject.

■ Although restrictions on the use of property conveyed in fee are not favored, the court will enforce such restrictions where they are reasonable, clear, definite and not contrary to public policy. (*Freehling v. Development Management Group, Inc.* (1979), 75 Ill. App. 3d 243, 393 N.E.2d 646.) The generalization that all doubts and ambiguities shall be resolved in favor of free use and against restrictions cannot be used to ignore or override specific language of a restrictive covenant. (*Mertel v. Howard Johnson Co.* (1989), 191 Ill. App. 3d 114, 547 N.E.2d 670.) The person in whose favor a restrictive covenant runs is *prima facie* entitled to its enforcement. (*Wier v. Isenberg* (1981), 95 Ill. App. 3d 839, 420 N.E.2d 790.) More importantly, it is well settled in Illinois that the mere breach of a covenant is sufficient grounds to enjoin the violation and plaintiff is not required to show injury. *Freehling v. Development Management Group, Inc.* (1979), 75 Ill. App. 3d 243, 393 N.E.2d 646.

The covenant in the instant case provides: "All lots shall be used only for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single-family dwelling not to exceed two and one-half stories in height,

with a private garage for not less than one nor more than three cars."

The trial court found the only issue was whether the proposed use of lot 2 for a public street was contrary to the terms of the restrictive covenant. The trial court determined that given the fact Rigsby proposed to use lot 2 for a public street, the language of the restrictive covenant was not clear and the purpose not obvious. In the written opinion, the court stated: "The obvious meaning of the initial sentence of paragraph (1) [quoted above] is that the property in the subdivision is to be used for residential purposes rather than commercial purposes or industrial purposes but the language of the restrictive covenant does not, in its plain and obvious meaning, prevent [Rigsby] from using the property as a street."

Having determined that the plain and obvious language of the restrictive covenant did not prevent the use of lot 2 for a street, the trial court went on to determine the intent of the drafters of the covenant. The trial court concluded the covenant was not "intended to prevent the construction of a public street that would be use[d] to serve residential property."

The parties agree there is no Illinois case which directly addresses the situation presented in the instant case. In addition, after reviewing the cases from other jurisdictions cited by the parties and the trial court, we find them of limited dispositive guidance.

■ However, we find extensive analysis unnecessary because we view the language of the restrictive covenant as clear and unambiguous. The covenant states that all lots in the subdivision "shall be used only for residential purposes." A street, although it may serve residential property, is not a "residential purpose" within the plain meaning of that term. Therefore, we find the trial court erred in holding the language of the covenant was ambiguous, and in denying Sherwood injunctive relief to enforce the covenant. Given this conclusion, we need not address the other arguments raised by the parties.

For the foregoing reasons, the judgment of the circuit court of Knox County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and GORMAN, JJ., concur.