JOHN E. FICK et al., Plaintiffs-Appellees and Cross-Appellants, v. JOYCE WEEDON et al., Defendants-Appellants and Cross-Appellees.

Fourth District   No. 4—92—0744

Argued April 14, 1993.—Opinion filed May 6, 1993.—Rehearing denied June 7, 1993.

414

Harold F. Tenney (argued) and Carl J. Tenney, both of Decatur, for appellants.

John E. Fick (argued), of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Defendants, Joyce and Ray Weedon, appeal from the entry of summary judgment in favor of plaintiffs, John E. and Norma J. Fick, enjoining them from using their residence as a bed and breakfast establishment. We affirm.

On November 8, 1977, plaintiffs conveyed their residence at 919 West Williams Street, Decatur, Illinois, by warranty deed, which was recorded. The deed contained a restrictive clause providing, "said property shall be used for a private dwelling for one family only, for twenty-five (25) years from the date hereof." On August 28, 1990, defendants acquired the property by warranty deed and began operating a bed and breakfast establishment at the residence. Thereafter, plaintiffs sought to enjoin defendants and their successors from using the residence for any purpose other than as a private dwelling until the expiration of the 25-year restriction. Defendants responded to the complaint and admitted "since some time in April of 1992 they have used two bedrooms and some common areas of the subject premises for a 'bed and breakfast' while they used the property for a private

dwelling for one family only." Plaintiffs then filed a motion for summary judgment.

In response to plaintiffs' motion, defendants submitted several affidavits. One such affidavit was from Joyce Weedon. In her affidavit, she stated:

"Since February 14, 1992 [,we] have used the premises for a bed and breakfast establishment while we used the property for a private dwelling for our family only.

[(5.)] Two bedrooms on the premises have been used as sleeping rooms for guests. These rooms were intended to serve no more than two transient guests per night, although occasionally such a room has also been used by a baby of the other guests. On two occasions to accomodate unusual situations, [we] allowed a third couple to use our bedroom and we slept in a bedroom on the third floor. Otherwise, no part of the premises [was] used as a sleeping room for any guest. Except as otherwise stated ***, the number of guests [did] not [exceed] four."

Defendants had one "temporary resident" in their home from February 17, 1992, through May 28, 1992. She paid defendants approximately $160 per week. Normally, defendants only had guests on weekends, although they did have one guest from Sunday to Thursday each week from May 4, 1992, to July 16, 1992. Based on defendants' use of the residence, Robert D. Espeseth, coauthor of Developing a Bed and Breakfast Plan and an associate professor at the University of Illinois, and Vickie Weger, president of the Illinois Bed and Breakfast Association, maintained the bed and breakfast establishment operated by defendants came within the definition of a "bed and breakfast homestay." A "bed and breakfast homestay" is defined as:

"[a] private, owner-occupied residence in which the frequency and volume of [bed and breakfast] visitors are incidental to the primary use of the building as a private residence. One to five guest rooms are made available to transient visitors and provide supplemental income for hosts. Breakfast is the only meal served and is included in the charge for the room." R. Buchanan & R. Espeseth, Developing a Bed & Breakfast Business Plan 1 (1991).

According to another source, "[bed and breakfasts] are either private residences where the owners rent spare bedrooms to travelers, or small, family-operated inns offering a special kind of warm, personal hospitality." (B. Rundback, Bed & Breakfast U.S.A. 1991 1 (1991) (hereinafter Bed & Breakfast).) A bed and breakfast, "in the purest sense, is a private home, often referred to as a 'homestay,'

where the owners rent their spare bedrooms to travelers." *Bed & Breakfast* at 4.

After hearing, the trial court granted the motion for summary judgment, finding the covenant was unambiguous and conducting a bed and breakfast on the premises violated this covenant. The court enjoined the defendants from using the residence in violation of the restriction and from conducting a bed and breakfast on the premises until the expiration of the restriction. This appeal followed.

Summary judgment is properly granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); see also *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) In evaluating the propriety of a trial court's entry of summary judgment the proper standard of review is *de novo*. (See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209; *Illinois Municipal League Risk Management Association v. Seibert* (1992), 223 Ill. App. 3d 864, 869, 585 N.E.2d 1130, 1134; *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 824, 585 N.E.2d 1164, 1167.) A reviewing court will reverse an order granting summary judgment when it finds the existence of a genuine issue of material fact. (*Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 31, 476 N.E.2d 413, 419.) In cases involving contracts, there is a disputed fact precluding judgment when the material writing contains an ambiguity which requires admission of extrinsic evidence. *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 272, 586 N.E.2d 1211, 1215.

On appeal, defendants contend the language of the restrictive covenant is ambiguous, and summary judgment, therefore, should not have been granted. Defendants argue they did not violate the restrictive covenant because the dominant use of the property is as a private dwelling for only one family, and their use of the home as a bed and breakfast is only incidental to and compatible with that dominant use. While using the residence as a bed and breakfast, defendants allege the house remained a private dwelling for one family only, thereby complying with the restriction. Conversely, plaintiffs argue the covenant is unambiguous, and defendants' activities clearly violated the restriction. They also contend it takes a tortured reading of the covenant to permit the home's use as a bed and breakfast.

■ Whether a restrictive covenant is ambiguous is a question of law because that determination necessarily involves a construction of

the restriction. (*Cimino v. Dill* (1980), 92 Ill. App. 3d 345, 348, 415 N.E.2d 1272, 1275.) The paramount rule for the interpretation of covenants is to expound them so as to give effect to the actual intent of the parties as of the time the covenant was made and as collected from the whole document construed in connection with the circumstances surrounding its execution. (*Westfield Homes, Inc v. Herrick* (1992), 229 Ill. App. 3d 445, 451, 593 N.E.2d 97, 101; *Lake Barrington Shore Condominium Ten Homeowners Association v. May* (1990), 196 Ill. App. 3d 280, 282-83, 553 N.E.2d 814, 816; *Nassau Terrace Condominium Association, Inc. v. Silverstein* (1989), 182 Ill. App. 3d 221, 224, 537 N.E.2d 998, 1000; *Mertel v. Howard Johnson Co.* (1989), 191 Ill. App. 3d 114, 117, 547 N.E.2d 670, 672; *Cimino*, 92 Ill. App. 3d at 348, 415 N.E.2d at 1275.) When the language of a covenant is unambiguous, clear and specific, no room is left for interpretation or construction. *Board of Directors v. Secretary of Veterans Affairs* (1992), 226 Ill. App. 3d 281, 286, 589 N.E.2d 761, 764.

■ Restrictions should be given the effect which the express language of the covenant authorizes. (*Amoco Realty Co. v. Montalbano* (1985), 133 Ill. App. 3d 327, 332, 478 N.E.2d 860, 864.) While doubts and ambiguities in the covenant should be resolved in favor of natural rights and against restrictions (*Lake Holiday Property Owners' Association v. Arenkill* (1978), 172 Ill. App. 3d 892, 893-94, 527 N.E.2d 167, 168), this generalization cannot be used to ignore or override the specific language of a restrictive covenant. (*Westfield*, 229 Ill. App. 3d at 451, 593 N.E.2d at 101; *Sherwood v. Rigsby* (1991), 221 Ill. App. 3d 260, 261, 581 N.E.2d 696, 698; *Lake Barrington*, 196 Ill. App. 3d at 283, 553 N.E.2d at 816; *Mertel*, 191 Ill. App. 3d at 117, 547 N.E.2d at 672; *Cimino*, 92 Ill. App. 3d at 348, 415 N.E.2d at 1275.) Moreover, a person in whose favor a restrictive covenant runs is *prima facie* entitled to its enforcement (*Sherwood*, 221 Ill. App. 3d at 261, 581 N.E.2d at 698; *Mertel*, 191 Ill. App. 3d at 117, 547 N.E.2d at 672), and the mere breach of a covenant is sufficient grounds to enjoin the violation (*Sherwood*, 221 Ill. App. 3d at 261, 581 N.E.2d at 698).

■ We find the restriction unambiguous, and the home's use as a bed and breakfast violates the explicit restriction. While the home may remain a private dwelling, its use as a bed and breakfast does not fall within the plain meaning of "a private dwelling for one family only." The intent of the language of the covenant was to prohibit other uses of the premises than as single-family residence. Commercial use as a bed and breakfast is prohibited by the express language of the deed. The trial court's order granting summary judgment was correct.

Following the filing of the notice of appeal, defendants filed a motion to stay the enforcement of the injunction pending appeal. The trial court granted the motion. Plaintiffs contend by way of cross-appeal the court erred in granting the stay and ask this court to vacate it and permit the order of permanent injunction to remain in effect pending appeal.

Courts may grant a stay pending appeal (see 134 Ill. 2d R. 305(b)(1)), as a matter of discretion. (*Stacke v. Bates* (1990), 138 Ill. 2d 295, 302, 562 N.E.2d 192, 195; *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 620, 410 N.E.2d 154, 158; *Henderson v. Graham* (1988), 167 Ill. App. 3d 256, 259, 521 N.E.2d 143, 145.) On review, a court's entry of a stay will be reversed only if the evidence establishes there has been an abuse of discretion. (*Stacke*, 138 Ill. 2d at 302, 562 N.E.2d at 195.) Under the circumstances, we find the trial court did not abuse its discretion in granting the stay.

The judgment of the trial court is affirmed, and the stay is dissolved.

Affirmed.

LUND and GREEN, JJ., concur.