# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Ripsch v. Goose Lake Ass'n*, 2013 IL App (3d) 120319

---

| | |
|---|---|
| Appellate Court Caption | KIRK RIPSCH, Plaintiff-Appellant, v. GOOSE LAKE ASSOCIATION, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-12-0319 |
| Filed | May 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A homeowner's association has the implied or inherent authority to regulate the use of common areas even when the recorded covenants do not expressly grant the association that authority. |
| Decision Under Review | Appeal from the Circuit Court of Grundy County, No. 10-MR-63; the Hon. Lance R. Peterson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Brett R. Geiger (argued), of Malmquist & Geiger, of Morris, for appellant.

Robert J. Russo (argued), of Law Offices of Robert J. Russo, of Morris, for appellee.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.

Justices McDade and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1    Does a homeowners association have the inherent power to make and enforce reasonable rules regarding the use of common areas if the recorded covenants do not expressly grant that authority to the association? We find that a homeowners association does have implied or inherent authority to regulate the use of common areas even where the recorded covenants do not expressly grant the authority to regulate the common areas.

¶ 2    The plaintiff, Kirk Ripsch (Ripsch), appeals from a judgment of the circuit court of Grundy County denying his petition for declaratory judgment following a stipulated bench trial. In his petition, the plaintiff sought to enjoin the defendant, Goose Lake Association (the Association), from enforcing a rule prohibiting the use of Tritoon boats on the lake. Tritoon boats are large pontoon boats which rest on three pontoons rather than the usual two pontoons. Ripsch maintains that the Association has no authority to establish rules governing the use of the lake since the recorded covenants contain no authorization granting the Association any rule making authority. The Association maintains that it has implicit authority to regulate the use of the lake as common property, subject only to the requirement that its regulations be reasonable. For the following reasons, we affirm the order of the circuit court.

¶ 3                          BACKGROUND

¶ 4    Ripsch owns a single-family residence on a parcel which abuts a body of water known as Lincoln Lake; however, he does not own any part of Lincoln Lake. Ripsch purchased the property on June 23, 1979. By virtue of his purchase, Ripsch became a member of the Goose Lake Association. The Association is a common interest community comprised of homeowners living on or adjacent to Goose Lake, Beaver Lake, Half Moon Lake, and Lincoln Lake in Grundy County. The lakes, including Lincoln Lake, appear to be common areas controlled by the Association. Only property owners are members of the Association and enjoy the privilege of attending membership meetings and voting for members of the Association's board of directors.

¶ 5    At the time that Ripsch purchased his property, the only recorded document containing restrictions on his use of the property was a document titled "Protective Covenants and Restrictions" recorded August 17, 1971. The document, only two pages in length, contained a list of general restrictions on the use of each property owner's own land. Only one of the listed restrictions addressed the use of the lake: "9. No boat pier may extend more than two (2) feet into the waters of the lake." The document also stated: "10. Each property owner becomes an Associate Member of the Goose Lake Association upon purchase and shall maintain said membership by payment of an annual maintenance charge, not to exceed $25.00, unless said maintenance charge is increased by a vote of the members and associate members of the Association."

¶ 6    The Association enacted and published a set of bylaws as required by the General Not For Profit Corporation Act of 1986. 805 ILCS 105/102.25 (West 2010). Although these bylaws were published to the membership and periodically updated, the bylaws and subsequent amendments were never recorded. At the time Ripsch purchased his property, he was provided a copy of the bylaws and the Association rules in effect on the date of purchase. The record contains a copy of the bylaws dated September 16, 2006. Article II, section XIV, of the bylaws provided that "all members are bound by the current Goose Lake Association Rules." At various times during Ripsch's membership in the Association, the board of directors promulgated and published to the membership certain rules purporting to regulate activities on the lakes and other common areas. These rules addressed such activities as fishing, swimming, boating, camping, and guest usage. The stated purpose of these rules was to promote safety on the lakes and waterways and in the community, prevent over-fishing and crowding on the water, and provide an overall order to the use of the lake and other common areas.

¶ 7    Sometime during December 2007, the Association amended its rules to prohibit the use of pontoon boats with more than two pontoons on Lincoln Lake. When Ripsch was informed of the rule limiting pontoon boats on Lincoln Lake, he informed the Association's directors that he intended to use a Tritoon boat (a boat with three pontoons) on Lincoln Lake. The Association responded that it would enforce its rules through fines and/or expulsion from the lake. The instant litigation ensued.

¶ 8    Following a hearing, the trial court ruled in favor of the Association. The court observed that no Illinois precedent existed to answer the specific question raised by the instant litigation, *i.e.*, whether a homeowners association's rules and regulations regarding the use of common property must be contained in recorded covenants in order to be enforceable. The court, *sua sponte*, looked to the Restatement (Third) of Property: Servitudes. Specifically, comment b of section 6.7 of the Restatement provides that "[e]ven in the absence of an express grant of authority, an association enjoys an implied power to make rules in furtherance of its power over the common property." Further, the trial court observed that the Restatement stated that "[e]xcept as limited by statute or the governing documents, a common-interest community has an implied power to adopt reasonable rules to *** govern the use of common property." Restatement (Third) of Prop.: Servitudes § 6.7(1)(a) (2000). The trial court noted that the Restatement is not binding on Illinois courts but has been found to be persuasive. The court held that, under the analysis articulated in the Restatement, the

facts in the instant matter established that the Association enacted the rule limiting the size of pontoon boats on Lincoln Lake in its authority to impose reasonable restrictions on the use of common property. The court held that Ripsch had not challenged the reasonableness of the rule, but only the Association's power to adopt it. The court held that the Association had the implicit power to enact the rule. Ripsch brought this appeal.

¶ 9                                            ANALYSIS

¶ 10        At issue is whether the Association may enforce a rule adopted by its board of directors which placed a limitation upon an owner's use of the common property. Ripsch maintains that, under Illinois law, a homeowners association may not restrict the use of any property unless the restriction is expressly contained in the recorded declarations and bylaws. He cites *Krueger v. Oberto*, 309 Ill. App. 3d 358, 369 (1999), for the proposition that a restriction upon the use of property must be recorded and made a part of the chain of title to the property in order to be enforced. He further maintains that any recorded restriction on the use of property recorded after the conveyance of that property is not binding upon the grantee. *Cimino v. Dill*, 92 Ill. App. 3d 345, 349 (1980). As the matter involves the interpretation of the language of the restrictive covenants and the statutory authority of the Association, we will review the decision of the circuit court *de novo*. *Sadler v. Creekmur*, 354 Ill. App. 3d 1029, 1036 (2004).

¶ 11        Before addressing the issue presented by the parties, we must point out that the record fails to establish who holds title to Lincoln Lake. Ripsch acknowledges that he does not have an ownership interest in the lake. He questions, however, whether the Association holds title to the lake. The Association, on the other hand, assumes that it holds title but has offered no evidentiary proof of that fact. Our review of the record leads us to conclude that the issue of who held title to the lake was never addressed by the trial court, and it appears that the trial court, and the parties, operated under an assumption that the Association held title, or at least was authorized to act on behalf of the titleholders. If the record had established that the Association held title to the lake, this matter could have been easily resolved. If the Association holds title to the lake, then Ripsch's right to enter onto the lake would be only that of an invitee and would be subject to any terms and conditions imposed by the landowner. *Rodriquez v. Norfolk & Western Ry. Co.*, 228 Ill. App. 3d 1024, 1038 (1992).

¶ 12        Ripsch argued on appeal that he possessed riparian rights to reasonable use of the surface of the lake. Riparian rights which allow an adjacent landowner to have reasonable use of the surface of a nonnavigable lake require that the party asserting riparian rights own at least a portion of the lake bed. *Alderson v. Fatlan*, 231 Ill. 2d 311, 319 (2008). Here, Ripsch claims no ownership of any portion of the lake bed. Therefore, he has no riparian rights to the surface of the lake. *Id.*

¶ 13        Because the record is unclear as to who holds title to Lake Lincoln, and the trial court's ruling rests upon a presumption that the Association is either the titleholder or is empowered to act on behalf of the titleholder, we find that the record allows us to presume that the Association was acting with apparent authority to enact that finding.

¶ 14        Having addressed the issue of ownership of Lincoln Lake, we now address Ripsch's

argument that the Association could not enforce rules regarding the use of the lake that were not specifically stated in the recorded covenants. Ripsch begins by arguing that all covenants should be strictly construed in favor of full and unlimited use of property by the property owner. *Westfield Homes, Inc. v. Herrick*, 229 Ill. App. 3d 445 (1992). Additionally, he maintains that restrictions against the free use of property are generally not favored. *Hartman v. Wells*, 257 Ill. 167 (1912). Applying these two general principles, Ripsch maintains that the Association could not enforce the restriction against Tritoon boats on Lincoln Lake. To do so, he maintains, would limit his free use of the lake and impose a restriction upon his use of the lake that was not specifically expressed in the recorded covenants that ran with his parcel.

¶ 15    The Association points out, however, that *Westfield* and *Hartman* each addressed restrictions upon the use by a lot owner of his own lot and did not address reasonable restrictions upon the use of *common property*. The Association maintains that this distinction is crucial. We point out that, as a general rule, a board of directors of a common interest community has broad powers to enact rules governing the day-to-day operations of the association. *Board of Directors of 175 East Delaware Place Homeowners Ass'n v. Hinojosa*, 287 Ill. App. 3d 886, 890 (1997). If the Association attempted to limit Ripsch's use of his own land, supposedly for some common good, then it would be prevented from doing so by the holdings in *Westfield* and *Hartman*. At issue here, however, is whether the Association has the authority to impose rules restricting the use of common property. Ripsch cites no authority in support of the proposition that the Association may not impose any restrictions upon the use of common property other than those expressly provided in the recorded documents running with the land.

¶ 16    Ripsch suggests that *Lake Barrington Shore Condominium Ten Homeowners Ass'n v. May*, 196 Ill. App. 3d 280 (1990), supports his argument. We note, however, that *Lake Barrington* does not address the distinction between private and common areas that is crucial to this case. Rather, it addressed only the issue of whether an alleged encroachment into the common area could be enjoined where the Association failed to establish an encroachment occurred. In *Lake Barrington*, a homeowners association sought to enjoin a member from building a wooden deck that was larger than the 10-foot-square patio that existed at the time the individual owner purchased his unit. The circuit court denied the injunction, and the appellate court affirmed that ruling. The court held that the original patio was, itself, common property, although it was a limited common element reserved for the exclusive use of the unit owner whose property adjoined the patio. *Id.* at 282. The court held that, since the patio was itself a common element, its expansion could not be considered an impermissible encroachment upon the common area, absent some evidence tending to establish that the boundary of the original patio was intended as a limitation on the size of the "limited common elements." *Id.* at 283. The court noted that the homeowners association failed to present such evidence and denied its request for an injunction. *Id.* It is interesting to note that the court decided the case on the lack of evidence in the recorded documents establishing the dimensions of the limited common area; however, it held that "[t]he rule of strict construction in favor of the free use of property will not be applied to defeat the obvious purpose of a restriction, even if [that purpose is] not precisely expressed." *Id.*

¶ 17    While there is no Illinois decision supporting Ripsch's proposition that a homeowners association cannot enforce rules governing the use of common areas unless those rules were recorded and ran with the land prior to a grantee's acquisition of the property, neither is there case law directly supporting the Association's argument that a homeowners association has implicit authority to place reasonable restrictions on the use of the common areas. The trial court noted the lack of Illinois authority on this issue and consulted the Restatement (Third) of Prop.: Servitudes. Restatements are not binding upon Illinois courts unless they are specifically adopted by our supreme court. *Tilschner v. Spangler*, 409 Ill. App. 3d 988, 933 (2011). We find the Restatement to be persuasive on this issue.

¶ 18    The Restatement points out that, unlike individually owned property, an association enjoys an implied power to make rules in furtherance of its authority and control over the common property. The comments to the Restatement further note that an "association has no inherent power to regulate use of the individually owned properties in the community, however, except as implied by its responsibility for management of the common property." Restatement (Third) of Prop.: Servitudes § 6.7, cmt. b (2000). Thus, the drafters of the Restatement make clear that where the homeowners association has the responsibility of administering the common property for the common good of the members, it must have the implicit power to make reasonable regulations regarding the use of the common property. To hold otherwise would be to adopt the absurd conclusion that the association was given the responsibility of caring for the common property but was given no authority to control the use of that property. Here, Ripsch would have a court hold that no regulations could ever be imposed on the use of Lincoln Lake other than the express limitation that "no boat pier may extend more than two (2) feet into the waters of the lake." The proposition that the Association could not promulgate reasonable regulations to control the use of common property would be an absurdity. It is a well-settled principle that statutory language should not be construed to produce an absurd result. *Vincent v. Department of Human Services*, 392 Ill. App. 3d 88, 98 (2009) (McDade, J., specially concurring).

¶ 19    We note that our holding does not leave individual property owners, such as Ripsch, with no means to challenge a homeowners association's rules regarding use of common property. As the Association points out in the instant case, Ripsch was on notice that the Association would exert authority over the common property on behalf of all the owners. As an Association member, he would have been able to challenge the reasonableness of those regulations. As the circuit court noted, however, Ripsch did not challenge the reasonableness of the rule against Tritoon boats. Thus, he conceded that the regulation against pontoon boats with more than two pontoons was reasonable.

¶ 20                                    CONCLUSION

¶ 21    For the foregoing reasons, the judgment of the circuit court of Grundy County is affirmed.

¶ 22    Affirmed.